(No. 14223.—Judgment reversed.)

THE PEOPLE *ex rel.* Ed. M. Heaton, County Collector, Appellee, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1921.*

1. TAXES—*how bonded indebtedness in school district must be paid.* School directors have authority to levy taxes in a school district only for building purposes or for educational purposes, and a bonded indebtedness incurred for building purposes must be paid out of the tax levied for building purposes and one incurred for educational purposes must be paid out of the levy for educational purposes.

2. SAME—*school directors cannot levy full amount authorized by statute in addition to a levy by Auditor for bonded indebtedness.* School directors have no authority to levy the full amount of taxes authorized for building and educational purposes under section 189 of the School law, as amended in 1919, (Laws of 1919, p. 856,) in addition to a levy by the Auditor to pay registered bonds of the district, but it is the duty of the directors in such case to reduce. their appropriation to such a rate as, added to the rate required for the payment of the bonds, will not exceed the statutory limit.

APPEAL from the County Court of Williamson county; the Hon. W. F. SLATER, Judge, presiding.

ED. M. SPILLER, (H. T. DICK, of counsel,) for appellant.

D. L. DUTY, State's Attorney, and RAY D. HENSON, (D. R. KENSHALO, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The collector of Williamson county applied to the county court at the June term, 1921, for judgment against the property·of the Chicago and Eastern Illinois Railroad Company for delinquent taxes. The railroad company objected to the tax of school district No. 13 extended against its property, amounting to $101.49, and to the city tax of the city of Johnston City to the amount of $71.51. The objections

were overruled, judgment and order of sale were entered against the property, and the company appealed.

The directors of school district No. 13 levied a tax upon the property of the district to the full amount authorized by law, two and two-thirds per cent, which was extended against the property of the railroad company in the district. The district had issued bonds, which had been registered by the Auditor of Public Accounts under the act of February 13, 1865, for that purpose, as amended in 1877 and 1879. (Laws of 1879, p. 229.) Pursuant to that act the Auditor certified to the county clerk that the rate necessary to be levied for the payment of the principal and interest of such bonds was forty-four cents on the $100, which the county clerk thereupon extended against the appellant's property in addition to the two and two-thirds per cent levied by the directors. The appellant contends that the two and two-thirds per cent which school directors are authorized by section 189 of the School law to levy annually upon the taxable property of the district for all the expenses of the district is the limit of the power of taxation for such expenses, and that the amount extended against its property was excessive to the amount of forty-four cents on the $100.

The directors have always been the corporate authorities of school districts who were authorized to levy taxes for all the expenses of the district. Before the revision of the School law in 1872 the statute imposed no limit upon the rate of taxation which they might levy. That act limited the rate to two per cent for educational purposes and three per cent for building purposes. (Rev. Stat. 1874, sec. 43, p. 960.) There are only two classes of taxes which a school board may levy: one for educational purposes and one for building purposes. The bonded indebtedness incurred for building purposes must be paid out of the tax levied for building purposes, and the bonded indebtedness incurred for educational purposes must be paid out of the tax levied for educational purposes. (*Chicago and Alton*

*Railroad Co.* v. *People,* 205 Ill. 625.) There was no authority in law for anybody but the school directors to levy taxes against the property in the school district until 1877, when the act of February 13, 1865, "relating to county and city debts and to provide for the payment thereof by taxation in such counties and cities" was amended so as to extend to other municipal corporations, including school districts. (Laws of 1877, p. 158.) That act provides for the registration of the bonds, and directs the Auditor annually to estimate and determine the rate percentum upon the valuation of the property in the district requisite to meet and satisfy the principal and interest due and accrued and to accrue for the current year, together with the ordinary cost to the State of collection and disbursement, and to make and transmit to the county clerk a certificate setting forth such estimated rate, "and the said percentum shall thereupon be deemed added to and a part of the percentum which is or may be levied, or provided by law, for the purposes 'of State revenue, and shall be so treated by such clerk, officer or authority in making such estimates and books for the collection of State taxes, and the said taxes shall be collected with the State taxes, and all laws relating to the State revenue shall apply thereto, except as herein otherwise provided." In *Dunnovan* v. *Green,* 57 Ill. 63, it was held that a similar authority conferred upon the Auditor in an act authorizing certain municipal corporations to subscribe to the stock of certain railroads was not a violation of the constitution of 1848 but was authorized by the provisions of section 5 of article 9 of that constitution, which provides that the "General Assembly shall require that all of the property within the limits of municipal corporations, belonging to individuals, shall be taxed for the payment of debts contracted under authority of law." After the adoption of the constitution of 1870 it was held that this decision still applied and must govern under the latter constitution, (*Decker* v. *Hughes,* 68 Ill. 33,) and this decision was

approved in *Maxcy* v. *Williamson County,* 72 Ill. 207. Section 12 of article 9 of the constitution requires that any county, city, school district or other municipal corporation incurring any indebtedness, shall, before or at the time of doing so, provide for the collection of a direct annual tax sufficient to pay the interest on such debt as it falls due and also to pay and discharge the principal thereof within twenty years from the time of contracting the same. Under this provision of the constitution the directors of the district, when these bonds were issued, were required to provide for their payment, principal and interest, within twenty years, and it is to be presumed that they did so. When the bonds were registered by the Auditor the obligation of annually levying the tax required for this purpose was placed upon the Auditor. This levy of the tax by the Auditor was merely a provision for the extension and collection of the tax which had been, in effect, levied in accordance with the requirement of the constitution when the bonds were issued. It did not increase the power of the district to levy taxes. So far as the bonds were concerned, that power was transferred to the Auditor. It was not intended that the registration of the bonds should authorize the directors, without any reference to the indebtedness incurred, whether for educational or building purposes, to go on and levy the full amount which they had been previously authorized to levy for both purposes and that the Auditor should in addition levy for the indebtedness. It was the duty of the directors to reduce their appropriation to such a rate as, added to the rate required for the payment of the bonds, would not exceed the statutory limit, and it was the duty of the county clerk to extend the tax only to the extent of two and two-thirds per cent.

A rate of $2.28 on each $100 worth of property was extended against the appellant's property in Johnston City for the tax of that municipality. The levy ordinance was for $35,500, which included an item of $1500 for the col-

lection and disposal of garbage and one of $5000 for bonds and interest, the remainder being for general corporate purposes. A rate of fifty and one-third cents would raise the amount required for bonds and interest and a rate of thirteen and one-third cents was authorized for garbage disposal. These two rates added to the one and one-third dollars which the city was authorized to levy for general purposes make a rate of $1.97, which was all the city was authorized to levy. The excess of $71.51 caused by the levy of $2.28 on the $100 was illegal.

The objections of the appellant should have been sustained. The judgment of the county court will be reversed and judgment will be entered here in favor of the appellant.

*Judgment reversed.*