(No. 14497.—Judgment affirmed.)

THE PEOPLE ex rel. George Dittus et al. Appellants, vs. OSCAR F. DOWNEY et al. Appellees.

*Opinion filed October 21, 1922—Rehearing denied Dec. 7, 1922.*

1. SCHOOLS—*community consolidated school district need not be compact.* The validating act of May 4, 1921, does not require that a community consolidated school district shall be compact, and it is not the province of the courts to insert such a requirement in the statute nor to determine the question of the wisdom of the law.

2. SAME—*board must provide sufficient number of schools to accommodate consolidated district.* It is the duty of the board of education of a community consolidated school district to operate a sufficient number of free schools for the accommodation of the whole district so as to secure to all the children of school age the right to and opportunity for an equal education in such schools.

APPEAL from the Circuit Court of Logan county; the Hon. FRANK LINDLEY, Judge, presiding.

MILLER & MILLER, and HAROLD F. TRAPP, for appellants.

COVEY & WOODS, and McCORMICK & MURPHY, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

To an information in the nature of *quo warranto* filed. in the circuit court of Logan county against Oscar F. Downey and six others, calling upon them to show by what warrant they were exercising the offices of president and members of the board of education of pretended Community Consolidated School District No. 10, the respondents filed a plea setting forth with particularity the proceedings taken under the amendment of the School law in 1919 providing for the organization of community consolidated school districts, resulting in the organization of the district on April 23, 1920, and the election of respondents as president and members of the board of education on May 26, 1920. Both men and women voted at the election for the organization of the district, and the plea set forth verbatim the act of May 4, 1921, "to legalize the organization of certain community consolidated school districts." (Laws of 1921, p. 796.) The relators filed two replications, the first re-affirming the usurpation and concluding to the country, on which issue was joined; the second alleging that the territory of the district was not compact and contiguous, averring certain facts in regard to the shape of the district, the location of various tracts of the territory with reference to each other, the difficulties of travel and the location of highways. A demurrer was sustained to this replication, and after a hearing by the court upon the issue taken on the first replication, the court found the issues for the respondents, quashed the information and rendered judgment against relators, from which they have appealed.

Counsel for the appellants say that the issue is whether or not the validating act validated the organization of the district, and they admit if the validating act is constitutional and applicable to the district the district is legally existing. The act of May 4, 1921, has been held constitutional. (*People* v. *Benton,* 301 Ill. 32; *People* v. *Graham,* id. 446.) The appellants say that it is not applicable to this district because the territory composing the district is not compact and contiguous. The best method of describing the territory is by the following plat, the consolidated district being the territory included by the heavily shaded lines and the constituent original districts being shown by the less heavily shaded lines which divide the territory of the consolidated district:

The consolidated district contains about fourteen sections. Twelve of them are a rectangle three by four miles in dimension, and one section (33) adjoins the rectangle on

the west. The remaining territory, about equal in extent to a section, lies west of section 33 and extends with very irregular boundaries a mile and a half west from section 33, its width varying from a quarter of a mile to a mile. The consolidated district 10 is composed of the entire territory of the original districts 7, 9 and 10. District 7 is two miles by three; district 9 two miles square, with 200 acres added on its northwest corner; and district 10 is long and irregular in shape, containing about 200 acres less than four sections. Salt creek flows through the north and west parts of original district 10 near its boundary, cutting off from the rest of the district in the four or five miles of its irregular course perhaps 800 acres of that part of the district, in which there are no school children. The school house in original district 10 is about a quarter of a mile west of the village of Chestnut, which is near the southeast corner of the district. If a school house for the consolidated district is established at Chestnut the pupils in district 10 cannot be seriously inconvenienced, for the distance any of them will be required to travel will not be increased more than half a mile.

The statute requires community consolidated school districts to be composed of entire districts, and the shape of the original districts will in all probability usually produce irregularity of shape in the consolidated district. There is no provision in the statute legalizing community consolidated school districts which requires that the organization of such school districts shall be compact, and it is not the province of the courts to correct what they may regard as errors of the voters in any territory in establishing school districts. With the wisdom of a law which permits villages to reach out many miles and tax farms to maintain a school in the village the courts have nothing to do. That responsibility rests with the legislature. If consolidated districts are organized which are so large that a single school site

will not furnish accommodation for all persons of school age in the district, the directors are required by section 114 of the School law to establish a sufficient number of free schools for that purpose and to assign pupils to the several schools in the district, and by section 121*a* to provide free transportation to pupils residing at a distance from such consolidated school site, and are authorized by section 127 to divide the district into sub-districts and apportion the pupils of the several schools. The consolidated district already has three school sites on which schools are now in operation. The effect of the consolidation is not to abolish any of these schools but to unite the management of them under one board of education having the powers of boards of education in districts having a population of not less than 1000 nor more than 100,000. It is the duty of the board of education to operate a sufficient number of free schools for the accommodation of the whole district so as to secure to all the children of the district of school age the right and opportunity to an equal education in such schools.

The appellants have argued that the validating act is unconstitutional if applied to this district because the territory is not contiguous and compact. The consolidated district is contiguous and as compact as a compliance with the statutory requirement that it shall be composed of entire school districts permits. Therefore no constitutional question is involved.

The organization of the district conforms to the requirements of the act of May 4, 1921, and since it has been decided that that act is effective to legalize the organization of districts to which it applies, the judgment of the circuit court must be affirmed.            *Judgment affirmed.*