(No. 15928.—Reversed and remanded.)

THE PEOPLE ex rel. Michael Leimbach et al. Appellants, vs.
E. H. LUKENBILL, County Superintendent of Schools,
Appellee.

*Opinion filed October 28, 1924.*

1. SCHOOLS—*section 84g of School law, as amended in 1923, applies to all consolidated districts.* Section 84g of the School law, as amended in 1923, providing for detachment of territory from community consolidated districts, applies to districts organized before the amendment as well as to districts to be created in the future, and such application to districts already established does not violate existing rights.

2. SAME—*section 84g of School law, as amended in 1923, makes sufficient provision for election to detach territory.* Elections to detach territory from community consolidated districts under sub-section 4 of section 84g of the School law, as amended in 1923, are intended to be held according to the provisions of sections 84b, 84c and 84d, and said sub-section, when so construed, is neither uncertain nor incapable of enforcement.

3. SAME—*legislature may provide for detachment of territory from school district.* The legislature may provide for the organization or consolidation of school districts or change their boundaries, as it deems best for the public interest, subject only to express constitutional limitations; and detachment of territory from a community consolidated district under section 84g of the School law, as amended in 1923, does not violate due process of law or unlawfully affect the property rights of individuals.

4. SAME—*detachment of territory does not violate provision for efficient school system.* Detachment of a common school district from a consolidated district under sub-section 4 of section 84g of the School law, as amended in 1923, does not violate the constitutional provision for a thorough and efficient system of free schools, as the mandate is complied with by the maintenance of a school in the detached territory; and the statute does not contemplate the taking of territory out of the center of the consolidated district or leaving it in separate parts.

5. SAME—*county superintendent must detach territory in accordance with election under section 84g of School law—mandamus.* Sub-sections 2 and 4 of section 84g of the School law, as amended in 1923, both provide for detachment of territory from a community school district, but no discretion is left to the county superintendent under sub-section 4, and where an election has resulted in

favor of the detachment of a common school district under said sub-section, so as to leave the consolidated district intact, the county superintendent may be compelled by *mandamus* to enter an order detaching the district.

6. CONSTITUTIONAL LAW—*constitution prohibits only the special laws enumerated.* The provision of section 22 of article 4 of the constitution against the passing of local or special laws applies only to such cases as are enumerated in said section.

APPEAL from the Circuit Court of Logan county; the Hon. FRANK LINDLEY, Judge, presiding.

HAROLD F. TRAPP, for appellants.

PETER MURPHY, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Michael Leimbach, Lee Waddell, Louis Leimbach, Louis Buehler, W. H. Yauch and Herman Litterly, in the name of the People of the State of Illinois, filed their petition for *mandamus* in the circuit court of Logan county against E. H. Lukenbill, county superintendent of schools of that county. They alleged in their petition that they were residents, legal voters and tax-payers of the territory, which prior to April 23, 1920, had been common school district No. 7 of Logan county; that on that day a community consolidated school district, composed of district No. 7 and common school districts Nos. 9 and 10, was organized and designated as Community Consolidated School District No. 10, in the county of Logan and State of Illinois; that former common school district No. 7 had been composed of sections 1, 2, 3, 10, 11 and 12 in township 18 north, range 1 west of the third principal meridian; that proceedings had been taken to detach former school district No. 7 in accordance with the fourth sub-section of section 84g of the act to amend sections 84a, 84b, 84c, 84d, 84e, 84f and 84g of "An

314—5

act to establish and maintain a system of free schools," and to add sections 84*h* and 84*i* thereto; (Laws of 1923, p. 584;) that the election called and held for that purpose resulted in the casting of fifty votes in favor of detaching the school district and none against it; that the appellee, the county superintendent of schools, failed and refused to make an order detaching the former school district from the consolidated district, to file a map of the school districts involved in the change of boundaries and to order an election for a board of directors in common school district No. 7, and that a demand in writing upon him to perform these duties, as prescribed by the statute, had been made but that he refused to comply. The prayer of the petition was for a writ of *mandamus* to compel him forthwith to perform these several duties. The county superintendent demurred to the petition on the ground that the amendatory act as a whole, and sub-section 4 of section 84*g* in particular, are unconstitutional. The court held the sub-section, which provided for the detachment of a common school district from a consolidated school district, unconstitutional, sustained the demurrer, dismissed the petition for the writ of *mandamus* at the cost of the petitioners and allowed an appeal to this court.

Section 84*g* as amended in 1923 (Cahill's Stat. 1923, chap. 122, par. 91, p. 3065,) is as follows:

"Sec. 84*g*. The county superintendent of schools under whose direction a community consolidated school district is established shall retain jurisdiction of said district; that is to say, all petitions for the detachment of territory from a community consolidated school district shall be presented to the county superintendent under whose direction the district was established. He shall have the exclusive power, in his discretion, to change the boundaries of community consolidated school districts so as:

"1st. To annex a common school district adjoining any community consolidated school district, to such community

consolidated school district upon a petition signed by two-thirds of the legal voters of such common school district.

"2d. To detach the territory of a former common school district from any community consolidated school district and organize the same into a common school district, upon a petition signed by two-thirds of the legal voters residing in the territory described in the petition.

"3d. To detach territory from any community consolidated school district and annex the same to an adjacent community consolidated school district upon a petition signed by two-thirds of the legal voters residing within the territory described in the petition.

"4th. If one-half of the legal voters of a former common school district shall file with the county superintendent of schools a petition asking that a vote be taken in such district on the question of detaching from a community consolidated school district, then the county superintendent of schools shall within (30) thirty days from the date of filing of said petition call an election in said former school district and if three-fourths of the legal voters of such district shall vote in favor of detachment then the county superintendent of schools shall thereupon detach said territory and organize the same into a common school district.

"Within thirty days after a community consolidated school district shall have been established, or after any change is made in the boundaries of any district or districts, the county superintendent of schools shall make and file with the county clerk of the county or counties, a map of the community consolidated school district or districts established or involved in any change of boundary."

To sustain the judgment of the circuit court it is contended by appellee that (1) section 84g as amended in 1923 is applicable only to community consolidated school districts organized after it became effective, and for that reason has no application to the district in question, which was organized on April 23, 1920, under the act of 1919; (2) the

provisions of sub-section 4 of section 84*g* are so uncertain that their meaning cannot be ascertained and the sub-section is incapable of enforcement; (3) sub-section 4 of section 84*g* is permissive, vesting discretion in the county superintendent of schools, and is not mandatory; and (4) if sub-section 4 of section 84*g* is mandatory, it is unconstitutional because it violates section 2 of article 2, section 22 of article 4 and section 1 of article 8 of the constitution.

The act of 1919 (Laws of 1919, p. 904,) provided for the organization of community consolidated school districts. The initial petition to organize such a district was required to be filed with the county superintendent of schools, who called and gave notice of the election, designated the polling places and appointed the judges and clerks of election. If at the election a majority of the legal votes was cast in favor of creating a community consolidated school district such district was deemed duly organized and the county superintendent was required to file with the county clerk a map of the consolidated district. Immediately after the formation of such a district the county superintendent was directed to call an election for the purpose of electing a board of education of the district; petitions for nomination of candidates for president and members of the first board were required to be filed with him; he designated the polling places, appointed the judges and clerks of election, furnished all the election supplies, and the returns of the election were made to him. The act further provided, by section 84*g*, for the annexation of adjacent territory to community consolidated school districts by an election inaugurated by petition and called by and held under the supervision of the county superintendent of schools. The act of 1919, however, made no provision for the dissolution of a community consolidated school district or the detachment of territory therefrom. Each of the sections of the act of 1919 was amended in 1923. (Laws of 1923, p. 584.) Section 84*g* as so amended provides not only for

the annexation of territory adjacent to a community con-
solidated school district, but also for the detachment of the
territory of a former school district, or other territory,
from such a district. The organization of community con-
solidated school districts was first authorized by the act of
1919. The disconnection of territory from such districts,
under prescribed conditions, was provided by the amend-
ment of 1923. Section 84*g* as amended does not in express
terms provide that it shall be applicable only to community
consolidated districts organized after the amended act be-
came effective. If that were true, all such districts organized
between July 1, 1919, and July 1, 1923, would be unable
to change their boundaries, however necessary such change
might be to aid in carrying out the constitutional mandate
to provide a thorough and efficient system of free schools.
By the act of 1919 community consolidated school districts
were organized under the direction of the county superin-
tendent of schools. Amended section 84*g* provides that all
petitions for the detachment of territory from such a dis-
trict shall be presented to the county superintendent "under
whose direction the district was established." This lan-
guage applies to districts already organized as well as to
districts to be created in the future. The amended section
gives the county superintendent exclusive power, in his dis-
cretion, in specified cases, "to change the boundaries of
community consolidated school districts." The power so
conferred is broad enough to include districts organized
before as well as after the passage of the amended act.
The detachment of the territory of former school districts
is authorized by the second and fourth sub-sections of the
amended section. To make provision for the disconnection
of the territory of a former school district at the time these
sub-sections became effective necessarily included a district
which had become part of a community consolidated school
district prior to that time. The application of section 84*g*,
as amended in 1923, to districts then established does not

change existing rights. Amended section 84*g* discloses no legislative intent to confine the right to detach territory from community consolidated school districts solely to such districts as might be organized after July 1, 1923. The necessity and propriety of extending that right to all community consolidated school districts, whether organized before or after the amendment of 1923, are obvious, and it was the legislative purpose to do so.

It is further contended that sub-section 4 of section 84*g* is incapable of enforcement because it contains no express provisions governing the holding of the election. In the organization of a community consolidated school district the time and places of posting and the forms of the notice of election are specified by section 84*b;* provision is made by section 84*c* for the polling places, the judges and clerks of election and the form of the ballot; and by section 84*d* the county superintendent of schools is required to furnish all the supplies and equipment necessary to conduct the election, and the returns of the election must be made to him. To discontinue a community consolidated school district the election required for that purpose is by section 84*i* to be conducted in the same manner as is the election for the organization of such a district. Moreover, that section 84*g* is an integral part of the whole act as amended in 1923 is shown by the last paragraph of the section, which provides that within thirty days after a community consolidated school district shall have been established, or after any change is made in the boundaries of any district, the county superintendent shall file with the county clerk a map of the district established or involved in any change of boundary. While the preceding paragraphs of the section have reference solely to the annexation and disconnection of territory from community consolidated school districts, the concluding paragraph is not confined to these subjects but includes within its terms the organization of such districts. This paragraph exemplifies the interrelation of the several sections of the

act. Sub-section 4 should be read with or as a supplement to sections 84*b*, 84*c* and 84*d*, which specify the manner in which an election shall be held. Such, we believe, was the legislative intent. (*People* v. *Minnie Creek Drainage District*, 311 Ill. 228.) Indeed, the appellee held the same view, for the record shows that he conducted the election for the detachment of former common school district No. 7 in exact conformity with the provisions of those sections. Sub-section 4 of section 84*g* is neither uncertain nor incapable of enforcement.

The second and fourth sub-sections of section 84*g* provide for the detachment of the territory of a former school district from a community consolidated school district. Sub-section 2 merely requires for that purpose a petition signed by two-thirds of the legal voters residing in the territory. If the county superintendent in the exercise of his discretion should grant the prayer of the petition, the detachment, under the second sub-section, becomes effective and the detached territory is organized into a common school district, but under sub-section 4, the subject matter of which is the same, the petition of one-half of the legal voters of the territory requires the county superintendent to call an election, at which the question is submitted, and if three-fourths of the legal votes are cast in favor of detachment, the county superintendent "shall thereupon detach said territory and organize the same into a common school district." The proceedings under both sub-sections cannot be subject to the county superintendent's discretion. If that were true no useful purpose would be served by the enactment of sub-section 4, because its more exacting requirements would lead petitioners for the disconnection of a former school district to invoke the provisions of the second sub-section. Each sub-section has its purpose. One provides a summary method by a petition merely signed by two-thirds of the legal voters, subject to the county superintendent's discretion; the other requires an election by a larger proportion

of the voters and is mandatory in its provisions. "The most important purpose of the construction of all the parts of a statute together and with reference to one another is that of giving, by the means of such comparison, a sensible and intelligent effect to each without permitting any one to nullify any other and to harmonize every detailed provision of the statute with the general purpose or particular design which the whole is intended to subserve." (Endlich on Interpretation of Statutes, sec. 40.) Sub-section 4 of section 84g is mandatory and not discretionary.

The contention that sub-section 4 of section 84g violates section 2 of article 2 of the constitution is based on the fact that no notice is required to be given to the authorities or the people of the other districts constituting the consolidated district, and that due process of law extends to this proceeding, by which citizens are deprived of property rights without a hearing. School districts are created as auxiliaries of the State for the purposes of education within the control of the General Assembly, which may create or divide them at its discretion. They are agencies of the State and individuals have no property rights in them. There is no constitutional limitation imposed on the legislature with reference to the formation of school districts, and it may provide for the organization or consolidation of such districts or change them, as it deems best for the public interest, subject only to express constitutional limitations. *Greenleaf* v. *Trustees,* 22 Ill. 236; *People* v. *Board of Education,* 255 id. 568; *People* v. *Exton,* 298 id. 119.

Another contention is that sub-section 4 of section 84g violates section 22 of article 4 of the constitution, which prohibits the General Assembly from passing local or special laws in certain cases. The sub-section attacked is neither local nor special but operates in every part of the State where a community consolidated school district exists. (*People* v. *Diekmann,* 285 Ill. 97.) Even if the sub-section were both local and special its validity would not be affected,

because the prohibition is only against such laws in the cases enumerated in the 22d section of the fourth article of the constitution.

Nor is sub-section 4 of section 84*g* in any sense contrary to section 1 of article 8 of the constitution, which is a mandate to the General Assembly to provide a thorough and efficient system of free schools, whereby all children of this State may receive a good common school education. When detached from a consolidated district a common school will be maintained in compliance with the mandate. The authority given by the sub-section is to detach a former school district from a community consolidated district, which means to separate the district or to take it from the consolidated district. The word does not mean or authorize the taking of a former school district out of the center of a consolidated district or to leave the latter in separate parts. This district was held valid in *People* v. *Downey,* 305 Ill. 153, by virtue of a validating act, and a map of the district was there given which shows that former school district No. 7 was two miles in length from north to south and three miles wide from east to west, adjoining districts Nos. 9 and 10 on the south. To separate former school district No. 7 from the consolidated district is within the terms of the statute.

The appellee, as county superintendent of schools, has a specific duty to perform which is defined by statute. He has no discretion to determine whether he will or will not obey the law. His refusal in this case was without legal justification, and *mandamus* is the proper remedy to compel performance of that duty. The court erred in sustaining the demurrer and dismissing the petition.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*