(No. 16669.—Reversed and remanded.)
THE PEOPLE *ex rel.* E. J. Verlie, Appellant, *vs.* S. G. MADI-
SON *et al.* Appellees.

*Opinion filed June 18, 1925.*

1. SCHOOLS—*community consolidated district must be composed of entire districts.* A community consolidated school district is not authorized to be organized out of parts of common school districts but must be bounded by school district lines and embrace entire common school districts as they exist at time of consolidation.

2. SAME—*when territory cannot be detached from consolidated district although it at one time constituted an entire district.* Under sub-section 2 of section 84*g* of the School law, as amended in 1923, territory cannot be detached from a consolidated district which did not constitute an entire common school district at the time of the organization of the consolidated district even though it did at one time constitute an entire district.

APPEAL from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding.

J. R. BROWN, State's Atttorney, (E. J. VERLIE, *pro se,* of counsel,) for appellant.

PERRY H. HILES, and M. E. NEWELL, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Prior to 1913 there were four common school districts embracing the city of Alton and vicinity. District 124 included the city of Alton, district 123 lay north and west of district 124, district 119 joined district 123 on the north, and district 148 lay east and southeast of district 124. In 1907 a small part of district 123 was annexed to district 124, and in 1913 the remainder of district 123 was annexed to district 119, and thereafter district 123 ceased to exist. In 1922, by a proceeding not here questioned, districts 119, 124 and 148, as they then existed, were organized into a community consolidated school district known as No. 151. In

1923 the legislature adopted an amendment to the School law, providing for the detachment of territory of a community consolidated district. Sub-section 1 of section 84*g* provides for the annexation of an adjoining common school district to a community consolidated school district. Subsection 2 provides for the detachment of territory from a community consolidated school district, and reads as follows: "2d. To detach the territory of a former common school district from any community consolidated school district and organize the same into a common school district, upon a petition signed by two-thirds of the legal voters residing in the territory described in the petition." (Smith's Stat. 1923, p. 1894.)   In August and September, 1923, proceedings were had for the detachment from Community Consolidated School District No. 151 of all the territory formerly embraced in district 119 as it existed prior to the annexation of district 123 to and making it a part of district 119. No attempt was made to detach all the territory embraced in district 119 as it existed at the time that district was with districts 124 and 148 organized into a community consolidated school district. An order was entered by the superintendent of schools declaring the territory which constituted district 119 prior to 1913 detached from Community Consolidated School District No. 151. Said detached territory was declared to be common school district 119, and thereafter a board of directors was elected for said district. In October, 1924, the People, at the relation of a resident tax-payer, filed an information in the nature of *quo warranto* against the persons elected as directors of common school district 119, challenging the validity of the proceedings and order detaching that territory from Community Consolidated School District No. 151 and establishing the territory detached as common school district 119.

The facts are stipulated and not in dispute. The defendants demurred to the information. The circuit court sus-

tained the demurrer and dismissed the information. From the judgment dismissing the information the relator has appealed.

It was and is the contention of the relator that the statute only authorized the detachment from a community consolidated school district of territory which comprised "a former common school district" at the time it was organized into a community consolidated school district, while defendants to the information contend the territory constituted, prior to 1913, common school district 119, and was therefore "a former common school district," and the statute conferred authority to detach it.

The sole question presented for determination is the construction of sub-section 2 of section 84g, and the construction of that provision of the statute as here presented depends wholly upon the meaning to be given to the words of sub-section 2, "former common school district."

For greater clarity we repeat that at the time the community consolidated district was organized there was no common school district 123 in existence. That district had in 1913 been annexed to and made a part of district 119. The proceeding to disconnect territory did not seek to disconnect territory which comprised school district 119 at the time it was organized, with districts 124 and 148, into a community consolidated school district, but only sought to disconnect school district 119 as it existed some nine or ten years before district 123 was made part of district 119. Nine years before the consolidated district was organized the boundaries of district 119 were changed by making what had been district 123 part of district 119, and thereafter there was no district 123.

A community consolidated district is not authorized to be organized out of parts of common school districts, but must be "bounded by school district lines" and embrace the whole of the common school district. While the language of sub-section 2 is somewhat vague and ambiguous, it seems

plain that the legislature intended, by authorizing the detachment of "a former common school district," to confer authority only to detach what constituted a school district at the time it was made part of a community consolidated district. It is a matter of common knowledge that common school district lines are subject to frequent changes. A community consolidated district cannot be organized out of territory bounded by common school district lines as they may have formerly existed, but must be organized out of territory bounded by district lines as they exist at the time of the organization of the community consolidated district. The legislature could not have intended that in the organization of community consolidated districts only entire districts as then existing could be included, but that in disconnecting territory after the organization the district boundaries then existing may be disregarded and territory that had at some time before the organization constituted a school district be disconnected. We can attribute no other intention to the legislature than that only territory may be disconnected which is authorized to be organized in a community consolidated district. The part of district 119 as the district existed when the community consolidated district was organized, and which was declared disconnected, could not have been embraced in the community consolidated district without the remainder of the district as it then existed. To permit that part of the territory which had several years before the consolidation constituted school district 119 to be disconnected from the community consolidated school district would leave the district organized out of territory which could not have been organized into a community consolidated district, and would be the accomplishment indirectly of a result which the statute does not permit being done directly. We cannot attribute any such meaning and intention to the statute.

We held in *People* v. *Exton,* 298 Ill. 119, that the act authorizing the establishment of community consolidated

school districts was constitutional, and we said in *People v. Camargo School District*, 313 Ill. 321: "The consolidated district can only be formed of territory bounded by school district lines. This was regarded as a reasonable basis of classification in the organization of districts. It is then not unreasonable that the same classification should be preserved in reference to the detaching of territory, for the consolidated district could not continue to be composed of territory bounded by school district lines if part of its territory not so bounded could be detached." While the precise question presented in this case was not involved in the *Camargo case*, the statement in that case that the same classification should be preserved in detaching territory that governs in organizing a consolidated district,—*i. e.*, school district lines,—was pertinent to the decision. It appears to us an unreasonable construction of the statute to say it authorizes the detachment of territory which did not constitute a district when the consolidation took place but which may have years before been a school district. Construed as we construe the statute, it is constitutional. Appellees' contention would probably render it unconstitutional, but that phase of it we need not discuss, as we are satisfied such a construction is unwarranted.

The fact, as contended by appellees, that after the annexation of district 123 to district 119, in 1913, the same school houses were maintained as formerly and the children went to school to the same school houses as before cannot affect the question. After 1913 there was no district 123. What was formerly district 123 became part of district 119 and was controlled by the board of directors of that district. If the directors saw fit to maintain two school houses in the district for convenience of the children, the territory was none the less school district 119.

*People v. Lukenbill*, 314 Ill. 64, has no bearing whatever upon the question here involved. If, as we hold, the statute did not authorize disconnecting that part of dis-

trict 119 which had many years before the community consolidated district was organized constituted a school district, the proceeding for and order of disconnection were void and of no effect.

The court erred in sustaining the demurrer to the information.

The judgment is reversed and the cause remanded, with directions to the circuit court to overrule the demurrer and enter judgment of ouster against appellees.

*Reversed and remanded, with directions.*