THE PEOPLE ex rel. The School Directors of School District No. 36, Plaintiffs in Error, vs. PRESTON R. ELLIOTT, County Clerk, Defendant in Error.

*Opinion filed February 18, 1926.*

1. SCHOOLS—*section 59 of School law, providing for joint certificate of levy, is not invalid.* The provision of section 59 of the School law for a joint certificate of levy for the extension of taxes to pay bonds and interest where a part of the bonded district has been detached and becomes part of another district does not violate the provisions of sections 10 and 12 of article 9 of the constitution, requiring municipalities issuing bonds to provide for the collection of an annual tax to pay the bonds and interest, as a statute which affects merely the extension of the tax does not violate the provision requiring that such tax be levied.

2. CONSTITUTIONAL LAW—*statute prescribing method of carrying out constitutional provision is valid.* The fact that an act requires certain ministerial duties on behalf of officials in carrying out the mandates of the constitution does not render such requirements a violation of the constitution, as the machinery of government by which the constitutional mandates are carried out remains in the hands of the legislature.

3. TAXES—*when the county clerk cannot be compelled by mandamus to extend school tax.* Where a portion of a school district which has incurred a bonded indebtedness is detached and added to another district, the county clerk cannot be compelled by *mandamus* to extend a tax to pay bonds and interest for the entire district as originally constituted, where no joint board of the directors of the two districts has filed a certificate of levy for the extension of such tax, as required by section 59 of the School law.

WRIT OF ERROR to the Circuit Court of Gallatin county; the Hon. J. C. EAGLETON, Judge, presiding.

THOMAS H. DAILY, WILLIAM DENTON, and JESSE E. BARTLEY, for plaintiffs in error.

ROEDEL & ROEDEL, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an action of *mandamus* instituted by the People, on the relation of the school directors of school district No. 36 in Gallatin county and certain resident tax-payers of said district, against the county clerk of that county, to require him to extend taxes for the purpose of paying the principal and interest of certain bonds issued by district No. 36 on all of the property of the district as it was originally constituted. The petition shows that bonds for building a school house were issued in the sum of $12,000, and that thereafter certain territory described in the petition was detached from district No. 36 and became a part of district No. 59. No question is raised as to the regularity of the detachment or the organization of district No. 59.

Plaintiffs in error contend that because at the time of the issuance of the bonds, on the 6th day of June, 1922, the directors of district No. 36 met and ordered and directed that an annual tax be levied sufficient to pay the principal and interest on the bonds as the same fell due throughout the twenty-year period covered by the bonds, nothing remained to be done in the matter except the extension of the tax by the county clerk, and it was his duty to extend such tax each year till all the bonds and interest were paid.

The petition was demurred to on the ground that the statute required that a joint board, consisting of the directors of districts Nos. 36 and 59, certify to the county clerk the tax needed to meet such bonds and interest, and that the petition did not show that such certificate had been filed. Section 59 of the School law (Smith's Stat. 1925, p. 2304,) provides that in cases where territory shall be set off from a district that has a bonded debt and such change is not petitioned for by a majority of the legal voters of the district, such original district shall remain liable for the payment of such bonded debt as though the district had not been divided. This section further provides that the directors of the original district and the directors of the dis-

trict into which the territory taken from such original district has been incorporated, "shall constitute a joint board for the purpose of determining and certifying, and they shall determine and certify, to the county clerk the amount of tax required yearly for the purpose of paying the interest and principal of such bonded debt, which tax shall be extended by the county clerk against all property embraced within the original district as if it had not been divided."

The circuit court sustained the demurrer and dismissed the petition. Plaintiffs in error bring the cause here, contending that since the directors of district No. 36, at the time of the issuance of the bonds, levied a direct annual tax to meet the principal and interest of the bonded indebtedness for the entire period in the manner authorized and required by sections 10 and 12 of article 9 of the constitution, nothing further need be done, and that since this is so, section 59 is void, as repugnant to sections 10 and 12 of article 9 of the constitution. It is also contended that this section contravenes section 14 of article 2 of the State constitution and clause 1 of section 10 of article 1 of the Federal constitution, as impairing the obligation of contracts. These contentions are based upon a misconception concerning the power of the joint board under section 59. Were discretion given to them as to levying the taxes or the amount of such levy it might well be said that the statute contravenes the constitution in the particulars suggested by counsel for plaintiffs in error. There is, however, no discretion vested in the joint board. The amount of money necessary to be raised to pay the principal of these bonds as they become due is fixed by the amount named in the bonds. The rate of interest necessary to be paid is also fixed in the bonds, and the amount thereof is purely a matter of computation. The joint board of school directors has no discretion concerning the matter. The thing to be certified by them to the county clerk being purely a matter of computation, it can scarcely be said that such an act

is in contravention of the provisions of sections 10 and 12 of article 9 of the constitution, requiring, in effect, that municipalities issuing bonds shall provide for the collection of a direct annual tax sufficient to pay the interest on such debt as it falls due and to pay and discharge the principal thereof.

In adopting section 59 of the School law it was evidently the intention of the legislature that the county clerk may each year have before him the exact territory incorporated in a school district which is responsible for the school bonds of another district, and it may well be that it considered that in the changing of boundaries of districts whereby certain territory becomes a part of one district for the purpose of paying bonds and of another for other school purposes, it would be in the furtherance of accuracy in the extension of taxes and would avoid confusion to afford to the county clerk the certificate of the joint board of directors as to the amount necessary to be levied to pay bonds and interest in cases of the character described here. Whatever may have been its intention in this regard, such a provision is not in contravention of the constitution but was evidently made for the purpose of furthering accuracy in the extension of such taxes, and therefore the county clerk is entitled to have the benefit of the certificate of the joint board before he can be compelled to extend the tax. The fact that an act requires certain ministerial duties on behalf of officials in carrying out the mandates of the constitution does not render such requirements a violation of the constitution. In *People* v. *Chicago and Eastern Illinois Railroad Co.* 300 Ill. 258, a statute which required the State Auditor, when certain school bonds were registered with him, to annually levy a tax to meet such bonds was considered. It was there held that the act was a provision for the extension and collection of the tax which had, in effect, been levied in accordance with the requirements of the constitution when the bonds were issued, and was valid. Of such a character is the one

under consideration here. Certainly it may be said that a statute which affects merely the extension of such tax by the county clerk is not in contravention of the provision of the constitution requiring that such tax be levied. The machinery of government by which the constitutional mandates are carried out remains in the hands of the legislature. There is no showing here of an attempt to require the joint board of school directors to make the certificate provided for in section 59 of the School law, nor is it suggested that they have refused to do so. Until this certificate is filed the county clerk may not be directed by *mandamus* to extend the tax.

The circuit court did not err in sustaining the demurrer and dismissing the petition, and its judgment will therefore be affirmed.

*Judgment affirmed.*