THE PEOPLE ex rel. Ben H. Pegram, County Collector, Appellee, vs. JACOB STOLL et al. Appellants.

*Opinion filed June 16, 1926—Rehearing denied October 12, 1926.*

1. SCHOOLS—*community consolidated district after detachment of territory remains liable for debts.* Upon the detachment of a common school district or districts from territory constituting a community consolidated district, the territory remaining constitutes the consolidated district, and, retaining ownership of all the property of the district, remains liable for the payment of its debts except as the statute provides otherwise.

2. SAME—*section 59 of School law applies where territory is detached from a community consolidated district having a bonded debt.* Section 59 of the School law applies where territory is detached from a community consolidated school district that has a bonded debt, the change not being petitioned for by a majority of the legal voters of the consolidated district, and the territory as constituted prior to the detachment remains liable for the debt.

3. SAME—*tax for bonded debt of district from which territory is detached must be extended on a joint certificate.* Although the duty to levy and collect an annual tax is imposed upon a community consolidated school district when it incurs a bonded indebtedness and it may be compelled by *mandamus* to levy and collect it, yet where territory has been detached from the district the tax, under section 59 of the School law, must be extended upon the certificate of the joint board of education of the consolidated district and the district composed of the detached territory, and the county clerk cannot be required to extend the tax upon any other authority.

4. TAXES—*taxes must be levied and collected in manner provided by statute.* The manner of assessing and collecting taxes is regulated by statute and must be done by the officers appointed by the law for that purpose and in the manner provided by law, and the county clerk can extend a tax against a property owner only upon evidence upon which the law authorizes him to act.

APPEAL from the County Court of Logan county; the Hon. L. B. STRINGER, Judge, presiding.

MILLER & MILLER, and HAROLD F. TRAPP, for appellants.

EVAN WORTH, State's Attorney, and PETER MURPHY, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The board of education of Community Consolidated School District No. 10 of the county of Logan levied a tax on all property of the district for $9500, of which $4700 was for educational purposes and $4800 for building purposes. The county collector applied at the June term, 1925, of the county court for judgment for these taxes against certain tracts of land, whose owners appeared and filed objections on the grounds that the lands were not situated within the district and not subject to taxation by it, and that before the levy of the taxes, on August 4, 1923, they were detached from the district and re-organized into a common school district. Upon a hearing the court found that the tax extended against the lands of the objectors for the payment of bonded indebtedness incurred by the school district, and the interest thereon, was a valid tax and over-ruled the objections so far as they applied to such tax but sustained the objections to all other taxes, and proceeded to render judgment against the respective tracts for the proportion of the taxes for the year 1924 levied for bonded indebtedness incurred by the school district and the interest thereon. The objectors thereupon appealed.

Community Consolidated School District No. 10 was organized on April 23, 1920, under the amendment of the School law in 1919 providing for the organization of such districts. The organization was attacked by an information in the nature of *quo warranto,* and on May 1, 1921, an act was passed "to legalize the organization of certain community consolidated school districts," the effect of which was to legalize the organization of this district. (*People* v. *Downey,* 305 Ill. 153.) A rehearing was denied in this case on December 7, 1922, and pursuant to an election duly called and held on January 29, 1923, bonds of the district

were issued on April 17, 1923, to the amount of $36,000, payable in fifteen annual installments of $2400, with interest at five per cent, payable annually, and provision was made, in accordance with the requirement of section 12 of article 9 of the constitution, for the collection of a direct annual tax sufficient to pay the interest and discharge the principal in accordance with the provisions of the bonds. The board of education thereupon proceeded to the erection of a school house, which was begun soon after May 1 and completed in December, 1923, at a cost of $43,000. The amendment of 1919 contained no provision for the detachment of territory from a community consolidated school district, and on July 1, 1923, an amendment approved June 30 went into effect, which provided for the detachment of the territory of a former common school district, which had become a part of a community consolidated school district, from the territory of the latter district by means of an election called by the county superintendent of schools on the petition of one-half of the legal voters of the former common school district. On August 4, 1923, in accordance with the terms of this amendment, an election was held in former school districts No. 7 and No. 9, which resulted in favor of the detachment of the territory of those districts. This action also became the subject of litigation by means of a petition for *mandamus* against the county superintendent of schools, and it was decided that the detachment of the two former districts was legally accomplished. *People* v. *Lukenbill,* 314 Ill. 64.

Upon the detachment of the territory of the two constituent former school districts the territory remaining constituted Community Consolidated School District No. 10, which retained the ownership of all the property of the school district and was bound for the payment of its debts except as the statute made provision otherwise. (*People* v. *Bartlett,* 304 Ill. 283.) Community consolidated school districts have all the powers and liabilities of the original

school districts of which they are composed, as well as the additional powers conferred upon boards of education in school districts having a population of 1000 or more and not exceeding 100,000, the statute expressly declaring them endowed with the same powers and duties as boards of education elected in consequence of the general School law in common school districts having such population. Section 59 of the School law provides: "In case any territory shall be set off from a district that has a bonded debt, the change not being petitioned for by a majority of the legal voters of the district, such original district shall remain liable for the payment of such bonded debt, as if not divided. The directors of the original district, and the directors of the district into which the territory taken from such original district has been incorporated, shall constitute a joint board for the purpose of determining and certifying, and they shall determine and certify, to the county clerk, the amount of tax required yearly for the purpose of paying the interest and principal of such bonded debt, which tax shall be extended by the county clerk against all property embraced within the original district as if it had not been divided."

This section was intended to provide for the case we have before us. In this case territory was set off from district No. 10, which had a bonded debt. The change was not petitioned for by a majority of the legal voters of that district, and the liability of the original district for the payment of the bonded debt remains, under the statute, as if there had been no division of the district. The directors of the original district and the directors of the district into which the detached territory has been incorporated constitute a joint board for determining and certifying the amount of tax required yearly for the purpose of paying the interest and principal of the bonded debt, and upon that certificate being filed with him it becomes the duty of the county clerk to extend the tax against all property within

322—19

the boundaries of the original school district as if it had not been divided. In this case, however, the joint board has not acted. The county clerk received no certificate of the joint board. The only certificate which he had on which to extend the tax was the certificate of the board of district No. 10, and that board had no authority to levy taxes on property outside the district. The levy and extension of the tax being without authority of law, the county court should have sustained the objection to the tax.

The appellee contends that the resolution providing for the issue of the bonds levied a direct annual tax sufficient to pay the interest and principal on all the property of the district for each of the years until the maturity of the last of the bonds, and that therefore it was not necessary that there should be a levy by the board of education for each year. Section 12 of article 9 of the constitution imposes upon all municipal corporations a legal obligation to provide for the collection of a direct annual tax for the payment of the interest on bonds issued by them as it falls due and the principal within twenty years, and where provision is made for the levy of an annual tax sufficient to produce a specific fixed sum it amounts to an appropriation of such sum annually, so that the municipality may levy and collect the tax though it may not be included in the appropriations otherwise made for the fiscal year. In such case the duty to levy and collect the tax is imposed by the provision made when the bonds are issued for the appropriation of the amount of each year's payment during the existence of the debt, and the municipality can be compelled to levy and collect the tax by *mandamus* against its officers. (*People* v. *Day*, 277 Ill. 543; *People* v. *Wabash Railway Co.* 281 id. 382; *People* v. *Sandberg Co.* 282 id. 245; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 290 id. 327; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 248 id. 81.) The manner of assessing and collecting the tax is, however, regulated by statute, and must be done by

the officers appointed by the law for that purpose and in the manner provided by law. The county clerk can only extend the tax against the owner of property upon the evidence which the law authorizes him to act upon. The evidence authorized in this case is the certificate of the joint board, consisting of the board of education of district No. 10 and the directors of the district detached. Unless this certificate was presented to him the county clerk had no authority to extend the tax. If the joint board should refuse to meet and determine and certify the amount of tax required its members may be required by *mandamus* to do so, but the county clerk cannot be required to extend the tax until they do make the certificate and is without authority to do so. *People* v. *Elliott,* 320 Ill. 152.

The judgment is reversed.                *Judgment reversed.*