The People of the State of Illinois ex rel. Board of Education of City of Chicago for use of The Board of Trustees of Public School Teachers' Pension Fund, Appellees, v. Board of Education of Chestnut Community Consolidated School District No. 10, Logan County, Illinois, et al., Appellants.

Gen. No. 8,066.

Opinion filed October 31, 1927. Rehearing denied January 4, 1928.

HAROLD F. TRAPP and MILLER & MILLER, for appellants.

CHAPMAN, CUTLER & PARKER, H. M. CASSIDY, STANLEY RICH and PETER MURPHY, for appellees.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

This is an appeal from the judgment rendered in the circuit court of Logan county granting a writ of mandamus in a suit brought by appellees against appellants. Appellants being the directors of school districts Nos. 7 and 9, respectively, of Logan county, demurred to the amended petition for mandamus filed by appellees. The demurrer was overruled and appel-

lants, electing to abide by their demurrer, the court entered judgment awarding the writ in accordance with the prayer of the petition. The only question presented to this court for review is the sufficiency of the petition. Many of the questions raised by counsel for appellants are *res adjudicata* by the decision in the case of *People ex rel. Pegram v. Stoll,* 322 Ill. 286.

In the amended petition it is alleged, in substance, that the Chestnut Community Consolidated School District No. 10, of the County of Logan, was organized on or about April 23, 1920, and that the territory comprising the same was the territory previously occupied by common school districts Nos. 7, 9 and 10 of said county, and that upon the organization of said Consolidated School District No. 10, said common school districts Nos. 7, 9 and 10, ceased to exist as separate school districts; that in January, 1923, by proceedings duly taken and held pursuant to law, the voters of said Consolidated School District No. 10 determined to purchase a site and to build a schoolhouse for the use of the inhabitants of said district; that in order to procure the funds for the purchase of said site, and the construction of said schoolhouse, said Consolidated School District No. 10 proceeded to raise the sum of $36,000, by borrowing the same on the credit of said district by the issuance of bonds to the above amount; that on January 29, 1923, an election was held for the purpose of voting on the propositions to authorize the issue of such bonds and that at such an election the majority of the voters of said district voted in favor thereof; that said bonds were authorized to be issued as of the date of April 1, 1923, to be numbered from 1 to 45 inclusive, some in the denomination of $1,000, and others in the denomination of $4,000, each bond payable in numerical order to the amount of $2,400, on the first day of July in each of the years 1925 to 1939, inclusive, to bear interest at the rate of 5 per cent per annum, payable each year on the first day

of July; that said bonds and coupons were made payable at the Merchants Loan and Trust Company, Chicago, and were payable to bearer; that the form of said bonds and the resolution under which the same were issued are set forth in the minutes of the meeting of the Board of Education of said district held on March 26, 1923, a copy of which is hereto attached, marked Exhibit A, and made a part hereof; that in order to provide for the collection of a direct annual tax sufficient to pay the interest on said bonds as the same should become due, and to pay the principal thereof at maturity, said Consolidated School District No. 10 levied on all the taxable property within said district and a tax sufficient to produce the amount in each of the years 1925 to 1939, inclusive, set forth in the said exhibit; that the uncollected portion of said tax so levied is now a valid and legally binding lien upon all the property comprising said Consolidated School District No. 10, as the same existed on the date of the delivery of said bonds, to wit, April 17, 1923; that said bonds were duly sold to the Bank of Chestnut, Illinois, for a sum not less than the par value thereof, in manner and form provided by law; that they were duly executed and registered with the township school treasurer, who receives the taxes of said consolidated school district and were thereupon duly issued and delivered to said bank as the purchaser thereof; that on or about April 17, 1923, the petitioner became the owner and holder of bonds of said issue in the principal amount of $5,000, by a purchase for value in due course of business, and subsequently, on or about July 10, 1923, petitioner became the owner and holder of certain other bonds of said issue of the aggregate principal amount of $25,000, by purchase for value in due course of business; that petitioner caused said bonds so purchased by it to be registered in its name and that it is now the owner and holder of said bonds; that the principal and interest

payable to your petitioner on account of said bonds held by it, which became due prior to July 1, 1926, has been paid, and that the interest on all of said bonds held by petitioner which became due July 1, 1926, has been paid; that the amount due to your petitioner on principal of those bonds held by it, which became due July 1, 1926, to wit, bonds numbered 4 and 5, was not paid although presented for payment; that petitioner is informed and believes certain proceedings were had on or about August 4, 1923, by which the voters residing in that portion of said Consolidated School District No. 10, which formerly comprised Common School District No. 7, undertook to cause said territory formerly comprising Common School District No. 7, to be detached from said Consolidated School District No. 10, and to be organized as a common school district to be known as Logan County School District No. 7—the same allegations in regard to Common School District No. 9—that neither the detachment of the territory comprising Common School District No. 7, nor the detachment of the territory comprising Common School District No. 9, was petitioned for by a majority of the legal voters of said Consolidated School District No. 10; that it is provided by the laws of the State that in case any territory shall be set off from a school district that has a bonded debt, the change not being petitioned for by a majority of the legal voters of the district, said original district shall remain liable for the payment of such bonded debt as if not divided and the directors of the original district and the directors of the district into which the territory taken from such original district has been incorporated shall constitute a joint board for the purpose of determining and certifying to the county clerk the amount of tax required yearly for the purpose of paying the interest and principal of such bonded debt, which tax shall be extended by the county clerk against all property embraced within the original district as if it had not been

divided; that it is the duty of the board of directors of said Consolidated School District No. 10, and of the board of directors of Common School District No. 7, and of the board of directors of Common School District No. 9, to meet together as a joint board for the purpose of certifying to the county clerk the amount of tax required for the purpose of paying the interest and principal of the bonds so issued by Consolidated School District No. 10, but said Board of Education and said boards of directors aforesaid, have failed and refused to meet as a joint board and to make such certification; that on August 9, 1926, petitioner caused a demand to be made on each of the members of said boards aforesaid that they meet as a joint board and certify to the county clerk the tax as hereinafter prayed. The petitioner then concludes with the prayer asking for the relief sought. To the petition is attached a copy of the proceedings of the Community Consolidated School District No. 10, held on the 26th day of March, A. D. 1923, as mentioned in the petition marked Exhibit A.

The first criticism of the petition is that the averment that said bonds were issued as set forth in the proceedings of the Board of Education shown by the exhibit attached to the bill and made a part thereof does not show the validity of the proceedings because said exhibit is not a certified copy of a record showing the several proceedings, but is merely a certified copy of a resolution adopted by the Board of Education reciting that certain things have theretofore been done and ordering bonds to issue. This exhibit is only referred to for two purposes: (1) As to the form of the bonds and the resolution under which the same were issued, and (2), the schedule of taxes to be levied for the years 1925 to 1939, inclusive. The averments in the petition are sufficient to show that said bonds were *prima facie* lawfully issued.

The next objection is that where the validity of the bonds is not admitted the proper procedure is to first recover a judgment establishing their validity and then to compel the levy of a proper tax to pay the judgment. There are two answers to this proposition. The demurrer admits the validity of the bonds and the rule of law suggested has no application to cases of this character.

It is also urged that the averments of petitioner that it is informed and believes certain proceedings were had by which the voters residing in that portion of the Chestnut Community Consolidated School District No. 10, which formerly comprised common school districts Nos. 7 and 9, undertook to cause districts to be detached from said Consolidated District No. 10, and to be organized as common school districts are insufficient to charge that there had in fact been any lawful separation or detaching of the territory mentioned from the original district. We do not think this criticism is well taken for the reason that the petition is brought against the boards of directors of common school districts Nos. 7 and 9, respectively, thus recognizing them as separate entities and they each respectively appear and plead in their corporate capacity. *People ex rel. Weber v. City of Spring Valley,* 129 Ill. 169. It is, moreover, directly charged in the petition that there is a board of directors for each of said common school districts. Their names are respectively stated and they are made parties to the suit.

Much of the argument of counsel is to the effect that it would be inequitable to compel the seceding territories to pay for a school building constructed and located in the Consolidated District No. 10, as the latter district has the sole benefit and use of said building and should be compelled to pay the bonds issued for the purpose of raising the funds for its construction. This question cannot come up for consideration here because the matter is wholly controlled by Cahill's

St. ch. 122, ¶ 59, which provides that in case any territory shall be set off from a district that has a bonded debt, the change not being petitioned for by a majority of the legal voters of the district, such original district shall remain liable for the payment of such bonded debt, as if not divided. In the case of *People v. Stoll, supra,* which involved these same school districts, it was held:

"This section was intended to provide for the case we have before us. In this case territory was set off from district No. 10, which had a bonded debt. The change was not petitioned for by a majority of the legal voters of that district, and the liability of the original district for the payment of the bonded debt remains, under the statute, as if there had been no division of the district. The directors of the original district and the directors of the district into which the detached territory has been incorporated constitute a joint board for determining and certifying the amount of tax required yearly for the purpose of paying the interest and principal of the bonded debt, and upon that certificate being filed with him it becomes the duty of the county clerk to extend the tax against all property within the boundaries of the original school district as if it had not been divided. * * * In such case the duty to levy and collect the tax is imposed by the provision made when the bonds are issued for the appropriation of the amount of each year's payment during the existence of the debt, and the municipality can be compelled to levy and collect the tax by *mandamus* against its officers."

It is our opinion that the petition for mandamus contains all the allegations of fact necessary for the awarding of the writ and that the trial court did not err in overruling the demurrer to the petition. The judgment of the circuit court is affirmed.

*Affirmed.*