(No. 16004.—Reversed and remanded.)

THE PEOPLE ex rel. Charles C. Taylor et al. Appellants,
vs. CAMARGO COMMUNITY CONSOLIDATED SCHOOL DIS-
TRICT No. 158, Appellee.

*Opinion filed October 28, 1924.*

1. SCHOOLS—*the legislature may provide for detachment of ter-
ritory from a consolidated school district.* Political subdivisions,
whether counties, towns or school districts, are subject to the super-
vision and control of the State and their property and revenue are
subject to the control of the legislature, and the provision of sec-
tion 84g of the School law as amended in 1923, providing for de-
tachment of territory from a consolidated school district, does not
violate the constitutional provision against taking property without
due process of law.

2. SAME—*when constitutional provision against local or special
laws does not apply.* The provision of the constitution which pro-
hibits the passing of local or special laws providing for the man-
agement of common schools or granting privileges or immunities
to any corporation or individual does not apply to the agencies
which the State shall adopt in providing a system of free schools
but relates merely to the management of common schools in im-
parting instruction.

3. SAME—*provision for detachment of entire district from con-
solidated district is not an unreasonable classification.* The provi-
sion of section 84g of the School law as amended in 1923, provid-
ing for the detachment of an entire common school district from a
consolidated district, does not make an unreasonable classification
or discriminate against parts of a district, as it merely gives a com-
mon school district the right to withdraw and continue as it previ-
ously existed.

4. SAME—*the amendment providing for detachment of territory
from a consolidated district does not violate provision for efficient
school system.* The amendment of 1923 providing for detachment
of a common school district from a community consolidated district
does not destroy the existing system of free schools or any school
which previously existed, and the question whether the amendment
adversely or favorably affects the thoroughness and efficiency of
the system of free schools is a legislative question, and it cannot
be held, as a matter of law, that the amendment violates the con-
stitutional provision for an efficient school system.

5. SAME—*the amendment providing for detachment of territory
from a consolidated district does not confer legislative or judicial
powers.* The amendment of 1923 providing for detachment of a

313—21

former common school district from a community consolidated district does not confer legislative, executive or judicial powers upon the voters of the territory to be detached, as it is not the exercise of either legislative, executive or judicial power for the inhabitants of any territory to avail themselves of the privilege of organizing a school district in accordance with the provisions of a statute.

6. SAME—*a community consolidated district must be contiguous after detachment of territory.* The provision of section 84g of the School law as amended in 1923, providing for detachment of a former common school district from a community consolidated district, does not allow the detachment of a district so as to leave the consolidated district with parts of its territory entirely separated from the rest of the district, as the requirement of section 84a that the district be contiguous is not changed by the amendment.

7. SAME—*procedure as to election for detachment of territory from consolidated district under amendment of 1923.* The details of carrying out an election for the detachment of territory from a community consolidated school district under the provision of section 84g of the School law as amended in 1923 are governed by other sections of the law providing for the elections incident to the organization of a district, and the election for the re-organization of the detached territory into a common school district is governed by the same sections.

APPEAL from the Circuit Court of Douglas county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

ROBERT F. COTTON, State's Attorney, (GREEN & PALMER, HENRY I. GREEN, and ORIS BARTH, of counsel,) for appellants.

JOHN H. CHADWICK, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Camargo Community Consolidated School District No. 158, in the county of Douglas, was organized, consisting of school districts Nos. 21, 53 and 54 and other territory. On August 18, 1923, separate elections were held in each of the three original districts, Nos. 21, 53 and 54, pursuant to the fourth paragraph of section 84g of the School law as amended on June 30, 1923, (Laws of 1923, p. 587,) on the question of detaching those districts, respectively, from the consolidated district. The vote in each

district was in favor of detachment. On January 14, 1924, pursuant to leave granted, the State's attorney of Douglas county filed in the circuit court an information in the nature of *quo warranto* on the relation of the directors of the three original districts and of two tax-payers and land owners within each district, alleging in separate counts the detachment of each one of the original districts, and charging that the community consolidated district, after the detachment, had usurped the rights, title, authority, powers, privileges, jurisdiction and franchises of a community consolidated school district over the territory of the respective original school districts, and calling upon the consolidated district to show by what authority it claimed to exercise such rights, title, authority, powers, privileges, jurisdiction and franchises. The consolidated district appeared and demurred to the information on the ground that the amendment of 1923, which authorized the detachment of territory from the consolidated district, was unconstitutional. The court sustained the demurrer and dismissed the information, and the relators appealed.

The parts of the statute which the appellee claims to be unconstitutional are as follows:

"Sec. 84g. * * * 4th.—If one-half of the legal voters of a former common school district shall file with the county superintendent of schools a petition asking that a vote be taken in such district on the question of detaching from a community consolidated school district, then the county superintendent of schools shall within (30) thirty days from the date of filing of said petition call an election in said former school district and if three-fourths of the legal voters of such district shall vote in favor of detachment then the county superintendent of schools shall thereupon detach said territory and organize the same into a common school district."

"Sec. 84i. * * * When the former common school districts have been re-established in consequence of the dis-

continuance of a community consolidated school district or the territory of a former common school district has been detached and re-established, their re-organization shall be completed by an election ordered by the county superintendent in each of said districts for the purpose of selecting a board of directors or a board of education as the case may require."

The first objection to the act is that it violates section 2 of article 2 of the constitution, which provides that no person shall be deprived of life, liberty or property without due process of law, in that it permits the taking of territory from the appellee without due process of law. The appellee is a public municipal corporation created by legislative authority for the purpose of exercising such part of the governmental powers of the State as the law has confided to it. It is a part of the machinery of government. Its functions are wholly public, and it is merely a local agency of the State for the exercise of those functions. The character of the functions of such municipal corporations, the extent and duration of their powers and the territory in which they shall be exercised rest entirely in the legislative discretion. The governmental powers which they may exercise and the property which they may hold and use for governmental purposes are equally within the power of the legislature. Their powers may be enlarged, diminished, modified or revoked, their acts set aside or confirmed, at the pleasure of the legislature. The State may, with or without the consent of the inhabitants or against their protest, and with or without notice or hearing, take their property without compensation and vest it in other agencies or hold it itself, expand or contract the territorial area, divide it, unite the whole or part of it with another municipality, apportion the common property and the common burdens in accordance with the legislative will, and it may abolish the municipality altogether. The property of such corporations is public property in the hands of State agents for

certain purposes and is subject to the will of the legislature. It has been held so in many cases. (*Bush* v. *Shipman,* 4 Scam. 186; *Trustees of Schools* v. *Tatman,* 13 Ill. 27; *People* v. *Trustees of Schools,* 86 id. 613; *People* v. *Bartlett,* 304 id. 283; *Dennis* v. *Maynard,* 15 id. 477; *Pike County* v. *People,* 11 id. 202; *County of Richland* v. *County of Lawrence,* 12 id. 1; *People* v. *Power,* 25 id. 187; *Sangamon County* v. *City of Springfield,* 63 id. 66; *Logan County* v. *City of Lincoln,* 81 id. 156; *Marion County* v. *Lear,* 108 id. 343; *Wilson* v. *Board of Trustees,* 133 id. 443; *Laramie* v. *Albany,* 92 U. S. 307; *Mount Pleasant* v. *Beckwith,* 100 id. 514; *Attorney General* v. *Lowrey,* 199 id. 233; *Hunter* v. *Pittsburg,* 207 id. 161.) Some of these cases involved the property of school districts and others that of counties or towns, but, whatever the character of the municipal corporation involved, it was held that political subdivisions, whether counties, towns or school districts, were subject to the supervision and control of the State and that their property and revenue are subject to the control of the legislature.

It is argued that the law violates section 22 of article 4 of the constitution, which prohibits the General Assembly from passing local or special laws providing for the management of common schools or granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever. The prohibition of this section applies not to all school laws and not to the agencies which the State shall adopt in providing a system of free schools but relates merely to the management of common schools in imparting instruction. (*Fuller* v. *Heath,* 89 Ill. 296.) The act does not grant to any corporation, association or individual any special or exclusive privilege. The special privilege which the appellee complains of, is the right of the inhabitants of territory which once formed a common school district to be detached from the community consolidated school district while the same privilege is not

granted to the inhabitants of territory which has not previously constituted an entire common school district. It is said that there is no distinction which constitutes a reasonable basis for granting the right in the one case and withholding it in the other, and that the classification made by the act is therefore unconstitutional. In *People* v. *Exton,* 298 Ill. 119, and *People* v. *Moyer,* id. 143, it was held that the classification made by the act providing for the formation of community consolidated school districts out of territory composed of entire common school districts was based upon a rational difference of situation or condition and was valid. The consolidated district can only be formed of territory bounded by school district lines. This was regarded as a reasonable basis of classification in the organization of districts. It is then not unreasonable that the same classification should be preserved in reference to the detaching of territory, for the consolidated district could not continue to be composed of territory bounded by school district lines if part of its territory not so bounded could be detached. If the district has been constituted of a number of original school districts and two-thirds of the people in one or more of those districts find by experience that the conduct of the schools in the consolidated district is unsatisfactory, it is not an unreasonable classification which gives them the right to withdraw and organize into a common school district as they had been originally organized.

The act is also said to violate section 1 of article 8 of the constitution because it does not make any attempt to provide a thorough and efficient system of common schools. The argument is that the act for the establishment of community consolidated school districts was constitutional; that it required the territory of the district to be compact and contiguous, and that under the amendment (section 84*g*) the detached territory may not constitute such a district as will furnish a thorough and efficient means for giving the children residing therein a good common school education,

or that the portion of the community consolidated school district which shall be left after such detachment will not constitute such a district as to provide a thorough and efficient means by which the children of the district may receive a good common school education, or may not be compact and contiguous. This argument is directed not so much at the system which the legislature has provided for furnishing the children of the State a good common school education as at the unreasonable action which the people of a particular district may take in seeking to avail of the benefits of such system. The objection made is not that the system does not make provision for the formation of districts and the establishment of schools by which the children may receive a good common school education, but that the people whose children are to be provided for may, in establishing districts, establish such as will not accomplish the purpose of furnishing a good common school education. The amendment of the School law so as to authorize the detachment of territory from a community consolidated school district and organize such territory into a common school district does not destroy the system of free schools heretofore existing, and the detachment of territory does not destroy any school which had previously existed. The argument of the appellee is directed rather against the policy or wisdom of the act than its constitutionality. With that question we have nothing to do. It may be unwise, but it was said in *People* v. *Graham,* 301 Ill. 446: "It is not for the courts to say that the legislature has acted unwisely in selecting the agencies or methods which it deems best to carry out the mandate of the constitution, and the courts cannot interfere unless the legislature, or the officers authorized by the legislature to act in its stead, have, as a matter of fact, created a system of free schools which all reasonable men must agree is not an efficient and thorough system, as those terms are commonly and generally understood." Whether the amendment complained of tends to

affect adversely or favorably the thoroughness and effi-
ciency of the system of free schools is a legislative ques-
tion which is not for our determination, and this amendment
cannot be held, as a matter of law, to violate section 1 of
article 8 of the constitution.

It is contended that the act violates article 3 of the con-
stitution, in that it permits territory to be detached from
the community consolidated school district by the county
superintendent and the legal voters of the district, and
thereby confers legislative, judicial and executive powers
upon the voters of the district. Ever since there has been
a school law in this State the fundamental principle for the
establishment of school districts has been that they should
be such as the convenience and wishes of a majority of
the inhabitants required. The law has provided for the as-
certainment of such wishes and convenience either by peti-
tion signed by a majority or more of the legal voters or
by elections held for the purpose, and districts have been
created, changed, added to, diminished, consolidated and
divided upon petitions of the voters to the school authori-
ties and elections. It is not the exercise of either legisla-
tive, executive or judicial power for the inhabitants of any
territory to avail themselves of the privilege of organizing
a school district in accordance with the authority conferred
by a statute which specifies with particularity the rules and
conditions under which the organization may be made.

It is contended that the act, and particularly section 84*g,*
is so vague and uncertain that it cannot be enforced, and
the appellee argues that the amendment to section 84*g,* by
authorizing the detachment of any original school district,
makes a community consolidated school district possible not
composed of contiguous territory, as required by section 84*a.*
The organization of community consolidated school districts
was authorized by a statute passed in 1919, which required
the territory to be contiguous and compact. (Laws of 1919,
p. 904.) Section 84*g* provided for the annexation of ad-

ditional territory by means of an election to be held as provided in sections 84*b*, 84*c* and 84*d* of the act and made no provision for detaching territory. The amendment of 1923 eliminated the word "compact" from section 84*a* but left the requirement that the territory of the consolidated district should be contiguous. Provisions for the detachment of territory were added to section 84*g* and the reference to the manner of calling and holding the election was omitted. Construing all the provisions of the act together, it is clear that the legislature did not intend that consolidated districts might exist with parts of their territory entirely separated from the rest of the district. The statute as amended required by its first section (84*a*) that the territory should be contiguous. This requirement was not changed, and since a consolidated district could not be organized out of districts which were not contiguous, it was clearly not the intention of the legislature that such an organization could be accomplished indirectly by a change of boundaries. In *Wild* v. *People*, 227 Ill. 556, it was held that a city could not be organized out of tracts of land connected only by narrow strips though there was actual contact of all the strips by that means. So in a case where the authority of a city to annex territory was limited to such territory as was contiguous to the city, and no incorporated city, town or village could be annexed to another unless they adjoined each other, it was held that since a city could not be so organized originally, having unorganized or unincorporated territory within its boundaries and entirely surrounded by it, the same result could not be accomplished indirectly by annexing to the city a village whose boundaries connected with the city's only at the north and south ends of the village, while between the north and south ends there was no common boundary line but for a considerable distance there was an area of two hundred acres of unincorporated territory. (*Village of Morgan Park* v. *City of Chicago*, 255 Ill. 190.) In *Perry County* v. *Jefferson*

*County,* 94 Ill. 214, by a literal following of the language of the act there under consideration a portion of the northeast part of Perry county was detached from it and attached to Franklin county though actually separated from the territory of the latter county by a distance of more than three miles. To avoid this absurd result, in view of the situation of the territory to be affected, the court, giving consideration to the whole act, held that the letter of the act must yield to the evident intention of the legislature and the detached territory held to belong to Jefferson county in accordance with. that intention. The rule of interpretation was followed that statutes must be interpreted according to the intent and meaning and not always according to the letter; that a thing within the intention is within the statute though not within the letter and a thing within the letter is not within the statute unless within the intention, and that it is sufficient authority to depart from the words of a statute when to follow them would lead to an absurd consequence. A sound construction of the act here in question does not permit the detachment of a former school district which would leave the remaining territory of the district in separate bodies or not contiguous.

The further objection is made that sub-section 4 of section 84*g,* under which the territory in question was detached, contains no direction whatever in regard to the holding of elections but simply directs the county superintendent to call an election. This sub-section does not state how the election shall be called or conducted, but the act provides for an election on the question of the establishment of a community consolidated school district to be called by posting notices at least ten days in ten public places throughout the territory, for the establishment of voting precincts, the designation of polling places, the appointment of judges and clerks, and the furnishing of ballots, ballot-boxes, tally-sheets, poll-books and blanks, all by the county superintendent of schools, the returns to be made to

him within five days. The election of a board of education is to be called by the superintendent by posting notices at least ten days in ten public places. While section 84*g* does not prescribe the number of notices or the time they shall be posted or the manner in which the election shall be held in other respects, it does require the superintendent to call the election and does contemplate the action of the superintendent based upon the election. It originally contained the provision that the election should be called and held in accordance with the provisions of sections 84*b,* 84*c* and 84*d* of the act, so far as they were applicable. It was not necessary that the act should repeat every detail of the requirements of the election. It does direct the manner of calling and conducting the election upon the question of establishing the district and directs the same method as to the election of the board of education. It was not necessary to repeat these details, but whenever an election is ordered and an election held in accordance with the requirements of the act for the organization of the district, that would be a sufficient basis for the superintendent's action in accordance with the act, and it was no doubt in that view that the provisions of section 84*g* in the original act in regard to the manner of calling and holding the election were omitted in the amendment of 1923. In section 84*i* it is provided that when the territory of a former school district has been detached and re-established, the re-organization shall be completed by an election ordered by the county superintendent in the district for the purpose of selecting a board of directors or a board of education, as the case may require, and this authorizes an election in the same manner as an election on the question of the establishment of the district.

The act is not subject to the objections which are made to it, and the demurrer should have been overruled.

The decree is reversed and the cause will be remanded, with directions to the circuit court to overrule the demurrer.

*Reversed and remanded, with directions.*