THE PEOPLE ex rel. Alvin Reed, Appellee, vs. J. W. Mc-
KINNEY, County Superintendent of Schools, Appel-
lant.—THE PEOPLE ex rel. Milo Kirk, Appellee, vs.
Same Appellant.—THE PEOPLE ex rel. Harry Sanguin,
Appellee, vs. Same Appellant.

*Opinion filed October 28, 1925.*

1. SCHOOLS—*section 84g of School law is valid.* Section 84g of
the School law, providing for detachment of territory from con-
solidated districts, is not unconstitutional. (*People* v. *Camargo
School District,* 313 Ill. 321, and *People* v. *Lukenbill,* 314 id. 64,
followed.)

2. SAME—*superintendent must detach territory in accordance
with vote at election—mandamus.* It is an imperative duty of the
county superintendent of schools to detach territory from a con-
solidated school district in accordance with the vote at an election
held pursuant to the provisions of section 84g of the School law,
and *mandamus* will lie to compel him to act, whether or not he has
made any record of his refusal.

APPEAL from the Circuit Court of Williamson county;
the Hon. D. T. HARTWELL, Judge, presiding.

A. D. MORGAN, (E. M. SPILLER, of counsel,) for ap-
pellant.

W. F. DILLON, (DELOS L. DUTY, of counsel,) for ap-
pellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Three petitions were filed in the circuit court of Wil-
liamson county for writs of *mandamus* against the county
superintendent of schools of that county to compel him to
detach from Herrin Community Consolidated School Dis-
trict No. 207 certain territory, pursuant to a vote of the
people at an election held on the question of detaching ter-
ritory. The writs were awarded, and the county superin-
tendent has appealed from the judgments.

318—25

Herrin Community Consolidated School District No. 207 is composed of former common school districts 21, 24, 25 and 115. District 25 embraced the city of Herrin, with 15,000 inhabitants, and the other districts were outlying districts. Petitions were presented to the county superintendent under section 84*g* of the School law, (Laws of 1923, p. 594,) by the voters of former common school districts 21, 24 and 115, asking that an election be held in each of said districts on the question of detaching them from the community consolidated district and re-organizing them as former common school districts. An election was held by order of the county superintendent in each of said districts on July 21, 1923, and resulted in a practically unanimous vote in favor of detaching the territory. The returns of the elections were canvassed by the county superintendent of schools, and on July 26, 1923, he filed a certificate of the result of the election in each former common school district with the county clerk but took no further action. On the 31st day of July counsel representing the voters favoring detachment and those opposed, appeared before the county superintendent and argued the question whether he could make the order of detachment. No action was taken by the county superintendent, and on August 15 three petitions were filed in the circuit court for *mandamus* to compel him to proceed with the detachment. By several special pleas filed he set up his defense for not complying with the requirements of the statute. Most of the defenses set up in the pleas raised questions alleged to affect the constitutionality of the statute, and some that the petitions for *mandamus* were prematurely filed, before the county superintendent had refused to act, and also that it was a matter within his discretion and he could not be coerced by *mandamus.* From the judgments awarding the writs the county superintendent has prosecuted this appeal, and the three cases have been consolidated and submitted on one record and one set of briefs and abstract.

Appellant says in his brief he realizes this court has passed upon the constitutionality of section 84*g* but believes points not called to the court's attention in those cases materially affect the validity of the statute. Substantially all the points affecting the constitutionality of the statute discussed in the briefs in this case were considered by the court in *People* v. *Camargo School District,* 313 Ill. 321, and *People* v. *Lukenbill,* 314 id. 64, and the validity of the statute was sustained. One of those cases was an action of *quo warranto* and the other *mandamus,* and we deem it unnecessary to make further reference to the questions decided in those cases. No points are now raised which would justify any different conclusion than that arrived at in those cases.

The point made that appellant had not acted but was considering what action to take when the petitions for *mandamus* were filed is without merit. The fact is, he refused to detach the territory in accordance with the vote at the elections. True, he had made no record of his refusal, but we held in the *Lukenbill case, supra,* the statute is mandatory and the duties of the superintendent imperative.

The point that if the three districts are detached the old Herrin common school district will be left as the community consolidated district does not affect the validity of the statute. It may raise a question for legislative consideration.

The objection that no provision is made for the distribution or return of the property of the common school districts detached is provided for by other sections of the general School law.

We have considered the brief of appellant and the authorities cited by him but find no justification in law for reversing the judgments, and they are therefore affirmed.

*Judgments affirmed.*