WILLIAM KETCHAM *et al.* Defendants in Error, *vs.* THE
BOARD OF EDUCATION OF COMMUNITY CONSOLIDATED
SCHOOL DISTRICT No. 201, Plaintiff in Error.

*Opinion filed February 16, 1927.*

1. STATUTES—*statutes relating to same subject will be so con-
strued as to give effect to each.* Statutes relating to the same sub-
ject must be compared and so construed with reference to each
other that effect may be given to all the provisions of each if it
can be done by any fair and reasonable construction, as it is pre-
sumed that such statutes are governed by one spirit and policy and
that the legislature intended them to be consistent and harmonious.

2. SAME—*when provisions omitted from one statute but con-
tained in another in pari materia will be applied.* Where two acts
*in pari materia* are construed together and one of them contains
provisions omitted from the other, the omitted provisions will be
applied in a proceeding under the act not containing such provi-
sions, where not inconsistent with the purposes of the act.

3. SAME—*absurd consequences will be avoided in construing a
statute.* Where the literal enforcement of a statute will result in
great injustice and lead to absurd consequences the courts will
presume that such consequences were not intended and will adopt
a construction which, it is reasonable to assume, was contemplated
by the legislature.

4. SAME—*when words of statute may be modified or altered to give effect to intention.* Where the legislative intention can be gathered from a consideration of all the legislation upon the subject, words of a particular section may be modified or altered so as to obviate all inconsistency with such intention.

5. SCHOOLS—*sections 64 and 65 of general School law apply to apportionment of funds and property to common school districts detached from community consolidated district.* Where common school districts are detached from a community consolidated district and are re-organized as common school districts, the trustees of the consolidated district may be compelled by *mandamus* to apportion the funds and property to the common school districts as provided in sections 64 and 65 of the general School law, as section 84*i* of the act of 1919 in regard to consolidated districts applies only to distribution of assets upon dissolution of such districts and makes no provision for apportionment of funds and property upon detachment.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. FREDERICK A. HILL, Judge, presiding.

DONOVAN, BRAY & GRAY, for plaintiff in error.

D. R. ANDERSON, for defendants in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

April 20, 1920, Common School Districts Nos. 91, 92 and 94 of Grundy county, Nos. 18 and 23 of Will county, and three other common school districts were organized into Community Consolidated School District No. 201 pursuant to provisions of the act of June 24, 1919. After July 1, 1923, the five districts named above were detached in accordance with the plan provided by sub-section 4 of section 84*g* of said act as amended. At the time this territory was detached from Community Consolidated School District No. 201 it had a large amount of money in the hands of the school treasurers of the three townships in which

the district lies, and in August, 1923, had levied a school tax which had not then been collected and had considerable school property located in different parts of the district. After the territory had been detached the county superintendent of schools of Grundy county organized the territory into five common school districts corresponding to districts Nos. 91, 92 and 94 in Grundy county and districts Nos. 18 and 23 in Will county before the consolidation, and school directors were elected in these districts. The directors of each of these districts notified the trustees of its detachment from the consolidated district and requested the trustees to forthwith make a distribution of the funds in the hands of the treasurer as provided by section 64 of the general School act, and to appoint appraisers and make proper charges and credits of school property as required by section 65. These requests were ignored and five petitions praying for as many writs of *mandamus* were filed by the several school boards. The circuit court of Will county held that sections 64 and 65 did not apply to community consolidated school districts and denied the writs. The Appellate Court for the Second District reversed this finding and directed a judgment awarding the writs. The consolidated cause is here on *certiorari*.

The question presented is not free from doubt. If the language of section 64 is to be literally construed, then territory which was formerly a common school district and which is detached from a consolidated district pursuant to a vote of the people of the territory is not included within the terms of the section, because it is not "a new district' [which] has been formed by the trustees or by the county superintendent." When section 64 became a part of the School law all new districts that were formed from a part of another district or parts of two or more districts were formed by the action of the school trustees, or on review by the county superintendent of schools. The Community Consolidated School District act provides other means for

creating new districts. It is an addition to the general School law, (*People* v. *Exton,* 298 Ill. 119,) and when it was passed it became a part of the legislation dealing with the common school system of the State. For the purpose of learning and giving effect to the legislative intention, all statutes relating to the same subject must be compared and so construed with reference to each other that effect may be given to all the provisions of each, if it can be done by any fair and reasonable construction. It must be presumed that the several statutes relating to one subject are governed by one spirit and policy and that the legislature intended the several statutes to be consistent and harmonious. Where two acts *in pari materia* are construed together and one of them contains provisions omitted from the other, the omitted provisions will be applied in a proceeding under the act not containing such provisions, where not inconsistent with the purposes of the act. (*People* v. *Lukenbill,* 314 Ill. 64; *People* v. *Cowen,* 283 id. 308; *Devous* v. *Gallatin County,* 244 id. 40.) Many of the general provisions of the act of 1909 must be read into the Community Consolidated School District act in order to make it workable. We have held that section 59, which provides a method for extending taxes to pay a bonded debt against all the property of the district as it existed at the time the bonds were authorized, where some of the territory is subsequently detached from the district, applies to community consolidated school districts. (*People* v. *Stoll,* 322 Ill. 286.) Section 84*i* provides for the discontinuance of a community consolidated school district, and, in the event of a discontinuance and the re-establishment of the common school districts, for a distribution of the assets of the consolidated district to the newly organized common school districts in proportion to the assessed valuation of the property of such new districts. Inasmuch as the legislature has provided for the distribution of the assets in the event of the dissolution of the consolidated district and has made

no provision for an apportionment of the funds and property upon detachment, it is evident that the legislature assumed that sections 64 and 65 of the general School law apply. When the literal enforcement of a statute would result in great injustice and lead to absurd consequences, the courts are bound to presume that such consequences were not intended and to adopt a construction which, it is reasonable to assume, was contemplated by the legislature. When the legislative intention can be gathered from a consideration of all the legislation upon the subject, words of a particular section may be modified or altered so as to obviate all inconsistency with such intention. (*People* v. *Camargo School District,* 313 Ill. 321; *Hoyne* v. *Danisch,* 264 id. 467.) It was assumed by this court in *People* v. *McKinney,* 318 Ill. 385, that sections 64 and 65 applied to community consolidated school districts, and a reconsideration of the subject confirms our views in that regard.

Since the establishment of the system of free schools in this State the law has provided different methods at different times for making changes in districts and the boundaries thereof, but the law prior to 1919 always required that such changes be initiated by a majority of the legal voters of the district or districts affected. In 1919 there was a radical departure from the methods theretofore provided for the consolidation of school districts. Whether this departure was wise is not a question for the court to decide. If injustices are permitted under the laws as they now exist the remedy is with the legislature. *People* v. *Graham,* 301 Ill. 446; *People* v. *Shultz,* 298 id. 125.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*