People of State of Illinois on Relation of Board of Education of Community Unit School District Number 180, Petitioners-Appellants, v. Trustees of Schools of Township Number 4 North, Range Number 4 West of Fourth Principal Meridian et al., Defendants-Appellees.

Gen. No. 9,828.

Opinion filed June 10, 1952. Released for publication July 7, 1952.

HARRIS & HARRIS, of Macomb, for appellants.

JOHN W. GORBY, JR., and NAYLOR & NAYLOR, all of Carthage, for appellees.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of McDonough county in a mandamus proceeding involving a school question.

The People on the relation of the Board of Education of Community School District Number 180 petitioned that a writ of mandamus be issued requiring the School Trustees and Township Treasurer in one of the townships in McDonough county to pay over certain school funds to District 180. By its judgment order the trial court found that only a certain small portion of the funds were due to District 180 and accordingly the writ of mandamus was denied except as to that small portion. District 180 thereupon prosecuted this appeal.

The facts in the case, which arises entirely upon the pleadings and a stipulation, reveal that District 180, a community unit school district, was organized and came into existence July 1, 1948. It then embraced all of Common School Districts 121, 123, 126 and 200, and a portion of District 122. On July 1, 1948, the above common school districts had funds totaling $4,793.80 in the hands of the school treasurer. On August 12, 1948 the county superintendent of schools detached from Community Unit District 180 all of the territory that formerly comprised Districts 121, 126 and 200 and part of the territory that formerly comprised Districts 122 and 123. The detached territory was annexed to Community Consolidated School District 319. No school had been conducted and no bonded indebtedness had been incurred by Community Unit School District 180 prior to the detachment of the common school district territories mentioned above.

The court allowed the writ of mandamus for the funds of the districts which remained after the de-

331

tachment within Community Unit School District 180, but denied the writ for the balance of the funds.

The questions presented thus are: first, is a community unit school district entitled to the personal property and funds of common school districts embraced by it upon the community unit school district's organization? If so, the second question then becomes — may that right be divested by the detachment of the common school districts from the community unit district and their annexation to another district before the community unit district has held any school or has incurred any bonded indebtedness?

██ It is admitted by all parties that on July 1, 1948, when Community Unit School District 180 was organized and came into existence, that Unit District 180 was entitled to all of the funds of Districts 121, 123, 126 and 200, and a portion of the funds of District 122. *Kocsis v. Chicago Park District,* 362 Ill. 24.

It is whether the right to these funds is affected by the subsequent detachment of territory from Community Unit School District 180 that is the crucial question in this case.

There is no provision of the School Code of Illinois which applies clearly and unmistakably to the instant case. Section 4–46 of the School Code (chapter 122, section 4–46, Ill. Rev. Stat. 1949) [Jones Ill. Stats. Ann. 123.748] provided for the distribution of funds when a new district was formed. It is District 180's position that this statutory provision for distribution on the formation of a new district did not apply to the instant case, which involved a detachment, and that since there is no other statutory provision specifically dealing with the distribution of funds on detachment that it clearly has a right at common law to the funds irrespective of the fact that no school

was held and no bonded indebtedness incurred by it prior to the detachment.

The defendants, including the Trustees of Schools of the Township and individuals, in their individual capacity and as Treasurer, etc., and the Board of Education of Community Consolidated School District 319, contend that section 4-46 does not apply to the case at bar and that if it does not, then clearly the disposition of the funds should be determined by common law and that the common-law rule as to the funds justifiies the trial court's holding.

Section 4-46 as it was in force at the time of the creation of District 180 and the detachment of the various common school districts from District 180, provided as follows:

"When a new district has been formed by the trustees, or by the county superintendent or county superintendents, from a part of a district or parts of two or more districts, the trustees of the township or townships concerned shall make forthwith a distribution of tax funds, or other funds in the hands of the treasurer, or to which the district may, at the time of such division, be entitled, so that the old and new districts shall receive parts of such funds in proportion to the amount of taxes collected next preceding such division from the taxable property in the territory composing the several districts. If the new districts are composed of parts of two or more districts, the trustees shall make distribution of such funds between the new district and the old districts respectively, so that the new district shall receive a distribution of the funds of each of the old districts in the proportion which the amount of taxes collected from the property in the territory of the new district bears to the whole taxes collected next before the division in the old district; and the township treasurer shall forthwith place the sum so

333

distributed to the credit of the respective districts, and shall immediately place the proportion of the funds to which the new district may be entitled to its credit on his books, and the funds on hand shall be subject at once to the order of the directors or board members of the new district, and those not on hand, as soon as collected.''

It is apparent from a reading of the provisions of section 4–46 that that statute does not provide specifically for this case, involving a detachment. Two cases dealing with situations similar to that presented here in that situations not precisely within the language of section 4–46 or its substantially identical predecessor, have held that section 4–46 and the following section, 4–47, applied, and have held that the personal property and funds followed a district being detached from a larger district of which it had formerly been a component.

In *Ketcham v. Board of Education*, 324 Ill. 314, eight common school districts were organized into a community consolidated school district in 1920. In 1923 five districts were detached. At the time of the detachment the consolidated school district had a sum of money in the hands of the school treasurer of the township in which the district was situated. The directors of the detached districts requested the trustees of the consolidated school district to make a distribution of the funds in the hands of the treasurer as provided by section 64 of the then School Act, which is substantially section 4–46 of the School Code cited above. The petitions for writs of mandamus filed by the detached school districts were denied. The Appellate Court of the Second District reversed the holding of the trial court, and on appeal the Supreme Court affirmed the Appellate Court holding. The Supreme Court noted that the literal construction of the language of section 64 would not be decisive of the controversy with which

334

they were then faced because the "detached common school districts were not new districts" within the language of section 64. The court noted that there was then in effect section 84–i of the School Code, which provided for the discontinuance of a community consolidated school district, and for a distribution of the assets of that district to the newly organized common school districts in proportion to the assessed valuation of the property of the new districts, in the event that the common school districts formerly embraced within the community consolidated school districts were re-established. The court there noted, on pages 317 and 318:

"Inasmuch as the legislature has provided for the distribution of the assets in the event of the dissolution of the consolidated district and has made no provision for an apportionment of the funds and property upon detachment, it is evident that the legislature assumed that sections 64 and 65 of the general school law apply."

In *School Directors, Dist. 89 v. Trustees of Schools, Tp. 26*, 240 Ill. App. 619, the directors brought a mandamus proceeding to compel the trustees to set off certain monies, real and personal property when the districts were detached from a community consolidated school district. The consolidation occurred in 1920 and the detachment occurred in 1923, no bonded indebtedness having accrued in the meantime. The Appellate Court of the Second District noted the provision of the School Code which provided for distribution of assets upon dissolution of a community consolidated school district, being sections 64 and 65 of the then School Code. The court there concluded that those sections would therefore be applicable to the situation before it unless a contrary intent to exclude those two sections were shown in the wording of the remaining provisions of the School Code. It rejected a contention that be-

cause section 84–i made provision for distribution in the event of dissolution, that it impliedly excluded the right to distribution in all cases where a new district is created out of part of the consolidated district and found that there was no intent thereby shown on the part of the legislature to take from detached territory the right to participate in the distributive share of wealth of the consolidated district. The court concluded that section 65 was enacted with a view to supplying a manner of procedure which the common law failed to provide, and held that the school directors and the detached districts were entitled to the writs of mandamus prayed for.

■ We view these decisions as decisive in this case. Thus in both the *School Directors* and the *Ketcham* cases, *supra,* the court applied the then equivalent to section 4–46 of the School Code to fact situations not precisely within its language. These cases gave effect to the policy of the State embodied in the various sections of the School Code that the funds and assets of schools should follow the liabilities and responsibilities attendant upon providing for an educational system.

District 180 contends, however, that it became entitled to the funds of the common school districts comprising it on July 1, 1948, and that the funds then became its funds, and could no longer belong to the common school districts which it had absorbed and which had ceased to exist.

■ As aptly pointed out by the defendants-appellees in this case, if petitioner-appellant, District 180, was correct in its contention, then although after the subsequent detachments only one acre remained of the former community unit school district, that district would be entitled to all of the funds of the units which were now detached. The law cannot sanction such an

absurd result. As the court noted in the *Ketcham* case, *supra,* on page 318:

"When the literal enforcement of a statute would result in great injustice and lead to absurd consequences, the courts are bound to presume that such consequences were not intended and to adopt a construction which, it is reasonable to assume, was contemplated by the legislature."

The two cases principally relied upon by appellant are not persuasive nor determinative. As noted in *School Directors, etc. v. School Trustees, et al., supra,* in *People v. Bartlett,* 304 Ill. 283, when the court said at page 286:

"So if a part of its territory and some of its inhabitants are separated from it by annexation to another or by the erection of a new corporation, the former corporation retains all its property, powers, rights and privileges . . ." the Supreme Court was speaking only of real property or property remaining within the territory of the former district.

Nor do we regard the dictum of *People ex rel. Hagler v. Chicago, B. & Q. R. Co.,* 380 Ill. 120, as decisive. That case embraced objections to a non-high school tax on real estate by certain tax payers. The statement of the court there citing the language of the *Bartlett* case, *supra,* was not decisive of the question then before it.

In the case at bar we are not dealing with the disposition of school real estate. Nor is the disposition of school funds clouded by the question of liabilities incurred prior to the detachment. In the former situation, control of school property lies in the territory in which the real estate is located after detachment. Any other result would produce only confusion as two administrative units attempted to manage and control the same real estate located in the territory of one of

337

them. See: *People ex rel. Richberg v. Trustees of Schools, Tp. 39,* 86 Ill. 613.

In regard to the disposition of funds upon detachment we hold that when a common school district is detached from a consolidated unit district prior to the holding of any school or the incurring of any bonded indebtedness by the latter, that the funds of the common school district rightfully proceed with it on detachment, and that after the detachment the consolidated unit district has no right to the funds properly allocated to the common school district.

We reach this holding upon the basis of the *Ketcham* and *School Directors* cases, *supra,* an application of section 4-46 to the case at bar, and a consideration of the common law.

The detached territory having contributed to the unobligated fund existing at the time of the detachment, it is entitled to its benefit.

The circuit court of McDonough county was therefore correct in granting the writ of mandamus as to the funds of parts of Districts 122 and 123 which remained within Consolidated District 180, and in denying the writ as to the funds of the remaining districts or parts of districts which were detached from District 180.

The judgment of the circuit court of McDonough county is affirmed.

*Judgment affirmed.*