(No. 32931.—

THE PEOPLE *ex rel.* William M. Ferry, Jr., *et al.,* Appellees,
*vs.* HARRY PALMER, Town Clerk, Appellant.

*Opinion filed November 18, 1953.*

JOSEPH R. ROSBOROUGH, of Moline, and SHERWOOD L. COSTIGAN, of East Moline, for appellant.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This is a direct appeal by defendant, Harry Palmer, Town Clerk of South Moline, from a decree of the circuit court of Rock Island County, granting a writ of *mandamus* to compel defendant to place on the ballot the names of plaintiffs, nominees for certain offices in the township of South Moline.

The facts are all stipulated. Plaintiffs are Democratic candidates for township offices for South Moline Township, which has a population of over 7,500, and lies partly in the city of Moline (37,397 population), and partly in the city of East Moline (13,913 population), and partly outside of both cities. On March 6, 1953, plaintiffs filed their certificates of nomination as candidates of the Democratic party for certain township offices with the clerk of South Moline Township, who refused to place their names on the

ballot on the ground that the certificates were filed less than 35 days from the date of the election to be held on April 7, 1953. On March 12, 1953, a township electoral board, invoked pursuant to the objection of an elector, held that plaintiffs' certificates of nomination were inoperative because they were filed after the period prescribed in section 10-6 of the Election Code. (Ill. Rev. Stat. 1951, chap. 46, par. 10-6.) Plaintiffs thereupon instituted *mandamus* proceedings to compel the placement of their names on the ballot, and the case was submitted to the circuit court of Rock Island County on the stipulated issue of whether article 10 of the Election Code applied to and imposed time limitations for filing certificates of nomination for township offices in townships of more than 7,500 population, lying partly in cities of less than 50,000 population, and partly outside such cities, and not including the entirety of any such city. From the allowance of the writ by the court, defendant has appealed directly to this court on the ground that a franchise is involved.

A determination of that stipulated legal issue necessitates an analysis of certain provisions of the Election Code, (pars. 10-1, 10-6,) and of the Township Organization Act. Ill. Rev. Stat. 1951, chap. 139, par. 59a.

Nominations for township offices may be made according to different methods depending principally upon the population of the township. In townships of 7,500 or more population, adjacent to cities of 50,000 or *more* population, and in townships of 25,000 population coextensive with cities other than cities under the commission form of government, nominations for township offices may be made by the primary method, specified in article 7 of the Election Code.

Although South Moline township has a population of over 7,500, it is located partly in cities of *less* than 50,000 and consequently is not within the application of article 7. Nor is it within the mode of nomination prescribed in arti-

cle 10, which is applicable to nominations by established political parties in townships with a population *under* 5,000. South Moline is, however, within the scope of article VI-A of the Township Organization Act which prescribes the manner of making nominations for township offices where the township has a population of *over* 5,000, other than those classes of townships specified in article 7, (*i.e.,* townships of more than 7,500 population adjacent to cities of 50,000 or more population, and townships of over 25,000 coextensive with incorporated towns or cities not under the commission form of government.)

Article VI-A (par. 59a,) of the Township Organization Act, however, specifies only the mode of making nominations for offices in townships of the designated population, but there is no reference in that article, or in any other provision of the Township Organization Act, to any time limitation for filing such certificates of nomination. Consequently, plaintiffs insist that upon the filing of their certificates of nomination with the clerk of the township there was a sufficient and proper compliance with all statutory requirements.

Defendant, however, argues that although the manner of making the nomination may be prescribed by Article VI-A of the Township Organization Act, the provisions of article 10 of the Election Code, particularly section 10-6 which requires that certificates of nomination for township offices be filed 35 days prior to the election, are applicable, and bar the plaintiffs' names from the ballot.

In determining the merit of this contention, we shall note first the purport of article 10 in its entirety, and then consider the precise terminology of sections 10-1 and 10-6.

From the official comments of the drafting commission of the Election Code, article 10 was taken from the part of the Ballot Act of 1891 dealing with the nomination of independent candidates, the nomination of certain party candidates, and the creation of new parties. Moreover,

the courts have recognized that article 10 is patterned after the provisions of the Australian Ballot Act of 1891, in that it provides for nomination of candidates by petition where the political party polls less than 5 per cent of the total vote cast at the last preceding general election. (*Feinglass* v. *Reinecke*, 48 Fed. Supp. 438.) This article has also been deemed applicable where nominations have been made by an established political party for offices in a village with a population of less than 5,000 (*Martin* v. *White*, 329 Ill. App. 81); and where nominations were made by petition for independent candidates. *Daniels* v. *Cavner*, 404 Ill. 372.

Article 10 is divided into 14 sections, and an analysis of their statutory labels indicates that each section pertains to a step in perfecting or contesting nominations within the categories authorized in the first section of the article. Section 10-1 limits the application of article 10 just as the first sections of the preceding articles dealing with nominations (articles 7, 8 and 9) designate the categories of nominations to which those particular articles apply.

The relevant portion of section 10-1 provides:

"Political parties as hereinafter defined and individual voters to the number and in the manner hereinafter specified may nominate candidates for public offices whose names shall be placed upon the ballot to be furnished, as hereinafter provided: Provided, however, that *no nominations* (except of candidates for township and school district offices and offices of cities, villages and incorporated towns with a population of less than 5,000) *may be made under the provisions of this Article 10 by any established political party* which at the general election next preceding, polled more than five (5) percent of the entire vote cast in the State, or in the electoral district for which the nomination is made, *and provided that those officers named in* section 1 of Article VI-A of 'An Act to revise the law in relation to township organization,' * * * *shall be nominated as therein prescribed.* Any convention, caucas, or meeting of

qualified voters of any established political party as herein defined may make one nomination for each office therein to be filled at any election, for officers of such township, city, village or incorporated town, by causing a certificate of nomination to be filed with the clerk of *such township,* * * * Every *such certificate of nomination* shall state such facts as are required in section 10-5 of this Article, and shall be signed by the presiding officer, and by the secretary of the convention, caucas or meeting, * * *" (Italics supplied)

Defendant argues that this section provides (1) a method of nominating candidates, and (2) procedure for qualifying such nominations to appear on the ballot. Although he concedes that the second proviso of section 10-1 specifically states that the procedure for nominating officers in townships under article VI-A of the Township Organization Act, as is South Moline Township, shall be as therein prescribed, nevertheless, he insists that since section 10-1 contains at the outset the phrase "names shall be placed upon the ballot to be furnished," the procedure for placing nominees' names on the ballot specified in article 10 applies to nominations made under other articles and statutes.

The terms of section 10-1 do not sanction any such construction. The first sentence states generally that the article involves nominations by political parties as defined in the article, and individual voters in the number and manner specified, of candidates for public offices, whose names shall be placed on the ballot. However, the first proviso precludes established political parties, *i.e.,* parties which, at the last election, polled more than 5 per cent of the vote cast in the State or electoral district for which the nomination is made, such as the Democratic party involved herein, from making nominations under the "provisions of this Article 10," except for offices in townships with a population of less than 5,000. That proviso unequivocally excludes from the operation of article 10 in its entirety—

not just from section 10-1—nominations by established political parties in townships over 5,000, such as South Moline Township. Moreover, that proviso is not contradicted by anything contained in the second proviso, or in the remainder of the section.

The second proviso sets forth that the officers named in article VI-A of the Township Organization Act shall be nominated as therein prescribed. Inasmuch as the officers designated in article VI-A are in townships with a population of over 5,000, nominations for such offices could not be made under article 10 of the Election Code by established political parties by virtue of the first proviso. Consequently, this second proviso means that even groups other than established political parties are barred from making nominations under article 10 for township offices designated in article VI-A, and nominations for those offices must be made as prescribed in article VI-A.

This second proviso of section 10-1 cannot be converted to mean that after nominations are made under the Township Organization Act, they shall be perfected as provided in article 10, even if the nominations are also excluded by the first proviso. That is the strained construction which defendant urges this court to adopt in order to supply an omission in the Township Organization Act.

Moreover, there is nothing contained in the remainder of the section which abets that construction. The next statement that "Any convention, caucus or meeting of qualified voters of any established political party as herein defined may make one nomination for each office therein to be filled at any election, for officers of *such township* * * * by causing a certificate of nomination to be filed with the clerk of *such township,* * * *" has reference to the nominations by established political parties for offices in townships with a population of *less than 5000*. This is evident from the use of the phrase "such townships," which necessarily refers to the previous reference to townships found

in the first proviso barring established political parties from making nominations under article 10, except for offices in townships with a population of less than 5,000.

The further statement "Every *such certificate of nomination* shall state such facts as are required in section 10-5 of this Article, and shall be signed by the presiding officer, and by the secretary of the convention, caucas or meeting, * * *" refers to the preceding reference to certificates of nomination, which appears in connection with nominations by established political parties in any township, city, village, or incorporated town with a population of less than 5,000.

Thus, it appears that there is nothing contained in section 10-1 which would even by implication require nominations made under article VI-A to be placed on the ballot in accordance with the specifications contained in article 10.

With reference to the other sections of article 10, section 10-2 defines minor political parties and prescribes the procedure for forming a new political party and for filing the requisite petitions for placing the names of the candidates of the new parties on the ballot. Section 10-3 refers to the procedure for perfecting nomination papers for independent candidates; section 10-4 specifies more detailed requirements for petitions for nominations "under this Article 10," and certification of the signatures of those signing; section 10-5 designates the form of certificate of nomination or nomination papers; and section 10-6 specifies how and where the certificates of nomination and nomination papers shall be filed.

Defendant insists that section 10-6 shall be deemed applicable, irrespective of the fact that the mode of nomination therein must be under the terms and provisions of another statute. The relevant portion of section 10-6 states: "* * * provided, that certificates of nomination and nomination papers for the nomination of candidates for the offices in cities, villages and incorporated towns and for township offices in counties under township organization

shall be filed with the clerks of the townships, cities, villages and incorporated towns at least thirty-five days previous to the day of such election."

Admittedly, section 10-6 refers generally to certificates of nomination for township offices, but this section can only be construed to refer to the certificates of nomination which are made in accordance with the preceding sections of article 10, and not to embrace all certificates of nomination for township offices under all statutes. In each of the preceding articles of the Election Code designating a mode of nomination, (articles 7, 8 and 9,) there is a section specifying the procedure and time limit for placing the nominations made under the particular article on the ballot. Nominations made under article 7 are to be filed according to the time requirements specified in section 7-12; nominations made under article 8 are to be filed as provided in section 8-9; and nominations made under article 9 are to be certified as provided in section 9-6. It is reasonable to conclude that the time limitation requirements specified in section 10-6 refer to the certificates of nomination and nomination papers prepared pursuant to the preceding sections of article 10.

Defendant contends that section 10-6 is *in pari materia* with article VI-A of the Township Organization Act, and cites *Ketcham* v. *Board of Education,* 324 Ill. 314, in support of the proposition that the provisions of section 10-6 should be applied to article VI-A. In the instant case, section 10-1 unequivocally excludes from article 10 nominations made by established political parties except in townships, villages and towns with a population of less than 5,000. Hence, the provisions of article 10 cannot be applied to a statute involving nominations specifically excluded from article 10.

We are cognizant that our interpretation leaves a void in the procedure for perfecting nominations for township officers named in article VI-A of the Township Organiza-

tion Act. Moreover, without proper time limitations for filing such certificates of nomination, a proper procedure for preparing regular and absentee ballots cannot be effected; nor can there be a proper method for contesting such nominations. Nevertheless, those considerations are legislative issues, and do not constitute legal grounds for the court to redraft statutes. The judicial function may be creative as the learned jurists state, however, no court has the right to ignore the mandate of a statute. Cardozo, Nature of the Judicial Process.

It is therefore our considered judgment that since the nominations herein are excluded from the operation of article 10, and the time limitations imposed by section 10-6 thereof, and since such nominations come within the category specified in article VI-A of the Township Organization Act which contains no time limitations for filing certificates of nominations for such offices, the circuit court properly issued· *mandamus* to compel the placement of plaintiffs' names on the ballot.

*Judgment affirmed.*