Board of Education of School District No. 20, Chillicothe, Peoria County, Illinois, Plaintiff-Appellee, v. Board of Education of Community Consolidated School District No. 315, Peoria County, Illinois, and Alice Allen Prentiss, Defendants-Appellants.

Gen. No. 10,958.

Second District.

September 26, 1956.

Rehearing denied January 14, 1957.

Released for publication January 14, 1957.

Leiter & Durfee, of Peoria, for defendants-appellants.

London G. Middleton, and Carl E. Phillips, both of Peoria, for plaintiff-appellee.

JUSTICE CROW delivered the opinion of the court.

This is an appeal from a judgment entered by the Circuit Court of Peoria County against the defendants, the Board of Education of Community Consolidated School District No. 315, etc. and its treasurer, in favor of the plaintiff, The Board of Education of School District No. 20, etc., in the sum of $3,766.67. The defendants moved to dismiss the complaint, but the motion was denied by the trial court, and, after a rule to answer, the defendants failed to answer, default was entered, evidence taken, and a decree entered in favor of the plaintiff.

It appears that on March 13, 1954 an election was held creating the new defendant Community Consolidated School District No. 315 by a consolidation of territory formerly comprising Common School Districts Nos. 32, 33, 34 and 39. Very shortly thereafter, on March 29, 1954, a petition was filed by the requisite voters of the territory formerly comprising Common School District No. 32, to detach that territory from the newly created District No. 315 and annex it to the plaintiff School District No. 20, which district had been in existence for some years. On April 10, 1954 an election was held for the School Trustees of the new District No. 315, and on April 12, 1954 the Board of that new district met and organized. On July 6, 1954, the County Board of School Trustees acted on the petition, previously referred to, for detachment, and the territory formerly comprising Common School District No. 32 was detached from the new defendant Consolidated School District No. 315, and annexed to the plaintiff School District No. 20.

Upon the creation by consolidation of the defendant Community Consolidated School District No. 315, the

98

funds of all the previous Common School Districts, including District No. 32, were consolidated as funds of District No. 315. It is the contention of the plaintiff, School District No. 20, that under the circumstances here, the funds, which were readily identifiable, formerly held by School District No. 32, in the amount of $3,766.67, at the time of the consolidation of Districts Nos. 32, 33, 34 and 39, and at the time of the detachment, upon detachment of that area follow the territory that was formerly Common School District No. 32, and now belong to the plaintiff School District No. 20. The trial court by its decree so found, and held that the plaintiff School District No. 20 is entitled to the funds of former School District No. 32. There are no disputed questions of fact.

The defendants' theory is that upon the consolidation of the former School Districts to form the defendant School District No. 315 the funds of the Districts consolidated became the property of the defendant Consolidated School District No. 315, and, in the absence of express statutory direction to the contrary, the mere detachment of some of that territory, namely, former Common School District No. 32, from the new Consolidated District No. 315 and its annexation to another district, namely, School District No. 20, does not operate to transfer any funds from the defendant District losing the territory to the plaintiff District gaining it.

The trial court, by its decree, found that the area formerly comprising School District No. 32 was detached from Community Consolidated District No. 315 prior to the holding of any school, or the incurring of any bonded indebtedness by Consolidated School District No. 315, other than the continuation of the schools (for the balance of the current school year from March 1954) that were carried on before consolidation; that after consolidation the Township

School Treasurer credited the funds of School District No. 32 with two receipts (each for $10.97) and charged that account with one disbursement of $.50 (evidently upon an order of one of the former Directors of District No. 32) leaving a balance of $3,766.67 therein at the close of the school term, June 1954; and that the allegations of the complaint are true, among which is the allegation that, after the consolidation and prior to the detachment, the funds of former School District No. 32 had not been used for school purposes. The proof seems to sustain the findings. It appears from the evidence that there had been no school held at the schoolhouse in District No. 32 for two years before the consolidation, that during that time the pupils of that District attended school as tuition pupils at the school of the plaintiff District No. 20, and that after the consolidation those pupils continued as tuition pupils at the school of the plaintiff District No. 20.

Under Article 4B, Creation of New Districts and Change of Boundaries of Existing Districts, of the School Code, Ch. 122, Ill. Rev. Stats., 1953, par. 4B—1, it was provided that—"the boundaries of existing school districts . . . may be changed by detachment, annexation . . . by the County Board of School Trustees . . . ." And it was provided under par. 4B–4 of that Article, Ch. 122, Ill. Rev. Stats., 1953, par. 4B—4,—"The County Board of School Trustees . . . shall take into consideration the division of funds and assets which will result from the change of boundaries and shall determine whether it is to the best interests of the schools of the area and the educational welfare of the pupils that such change in boundaries be granted, . . . ." It must have thereby been contemplated by the Legislature that where the boundaries of existing school districts,—as, here, the defendant School District No. 315 and the plaintiff School District No. 20,—are changed by detachment and

100

annexation, there shall be a division of funds resulting from the change of boundaries, and that such circumstance shall be one of the factors to be taken into consideration by the County Board of School Trustees in determining whether the boundaries shall be so changed. It must be presumed that the County Board of School Trustees here took that factor into consideration in making its determination for the detachment and annexation here involved and that the Board was well aware that there would have to be a division of funds resulting from such change of boundaries. That circumstance or factor is a part of the set of standards under which the Board's discretion may be properly exercised, and which renders the statute constitutional and not an invalid delegation of legislative power: School Dist. No. 79 v. County Board of School Trustees of Lake County (1955), 4 Ill.2d 533.

Former Sec. 4–46 of the School Code, Ch. 122, Ill. Rev. Stats., 1949, par. 4—46, provided for a distribution of funds when a new district was formed from a part of a district or parts of two or more districts. That section, however, was repealed in 1951, Laws, 1951, p. 1807, prior to the events involved in the present case. And, in any event, in the instant case literally no new district was formed by the detachment of the territory concerned from the defendant School District No. 315 and its annexation or attachment to the plaintiff School District No. 20. The plaintiff District had previously been in existence for a number of years. So even if former Sec. 4–46 had been in effect at the time of the present cause it would not literally have applied.

All the parties have referred us to People v. Trustees of Schools of Tp. No. 4 North, Range No. 4 West of Fourth Principal Meridian (1952), 347 Ill. App. 330, Third District, where the court held, under very similar circumstances, that the funds such as are here in

controversy belong to the district which gains the territory involved by attachment to it and detachment thereof from some other district. In that case Community Unit School District No. 180 had been created July 1, 1948, embracing Common School Districts 121, 123, 126, 200, and part of 122; on August 12, 1948, all the territory comprising former Common School Districts 121, 126, and 200, and part of 122 and 123 was detached from Community Unit District No. 180 and annexed to Community Consolidated School District No. 319; no school had been conducted and no bonded indebtedness incurred by District No. 180 before the detachment. District No. 180 brought a mandamus suit to obtain the school funds of the former common school districts and the writ was denied as to all of the funds of the territories which had been detached. The defendants here contend that that case turned entirely upon the construction and application of the former Sec. 4–46 of the School Code, heretofore referred to, which was in existence at the time of the events involved in that case, but was not in existence at the time of the present cause, and they urge that had there then been no Sec. 4–46 the court would have reached a different result. We cannot agree. In the opinion the court referred particularly to Ketcham v. Board of Education Community Consol. School Dist. No. 201 (1927), 324 Ill. 314, and School Directors Dist. No. 89, County of Winnebago and State of Illinois v. School Trustees Tp. No. 26, North, Range No. 10, East of Fourth Principal Meridian (1925), 240 Ill. App. 619, and said, pp. 332, 334, 336, and 338:

"There is no provision of the School Code of Illinois which applies clearly and unmistakably to the instant case. Section 4–46 of the School Code (chapter 122, section 4—46, Ill. Rev. Stat. 1949) (Jones Ill. Stats. Ann. 123.748) provided for the distribution of funds when a new district was formed. . . .

102

"It is apparent from a reading of the provisions of section 4–46 that that statute does not provide specifically for this case, involving a detachment. Two cases dealing with situations similar to that presented here in that situations not precisely within the language of section 4–46 or its substantially identical predecessor, have held that section 4–46 and the following section, 4–47, applied, and have held that the personal property and funds followed a district being detached from a larger district of which it had formerly been a component. . . ."

"We view these decisions as decisive in this case. Thus in both the School Directors and the Ketcham cases, supra, the court applied the then equivalent to section 4–46 of the School Code to fact situations not precisely within its language. These cases gave effect to the policy of the State embodied in the various sections of the School Code that the funds and assets of schools should follow the liabilities and responsibilities attendant upon providing for an education system. . . ."

"In regard to the disposition of funds upon detachment we hold that when a Common School District is detached from a Consolidated Unit District prior to the holding of any school or the incurring of any bonded indebtedness by the latter, that the funds of the Common School District rightfully proceed with it on detachment, and that after the detachment the Consolidated Unit District has no right to the funds properly allocated to the Common School District.

"We reach this holding upon the basis of the Ketcham and School Directors cases, supra, an application of Section 4–46 to the case at bar, and a consideration of the common law.

"The detached territory having contributed to the unobligated fund existing at the time of the detachment, it is entitled to its benefit."

103

In Ketcham v. Board of Education Community Consol. School Dist. No. 201 (1927), 324 Ill. 314, Common School Districts Nos. 91, 92, 94, 18, and 23, and certain others had been, on April 20, 1920, organized into Community Consolidated School District No. 201; after July 1, 1923 the territory comprising those named former common school districts was detached and reorganized, respectively, into five common school districts corresponding to the former Districts Nos. 91, 92, 94, 18, and 23; the school directors of those reorganized common school districts brought mandamus suits to compel a distribution of funds in the hands of the treasurer, to appoint appraisers, etc. The court held the writs of mandamus should be awarded, affirming the Appellate Court for the Second District, which had reversed the judgment of the trial court denying the writs.

In School Directors Dist. No. 89, County of Winnebago and State of Illinois v. School Trustees Tp. No. 26, North, Range No. 10, East of Fourth Principal Meridian (1925), 240 Ill. App. 619, Second District, Common School Districts Nos. 89, 95, 98, and 101, and certain others, were consolidated April 24, 1920 to form Community Consolidated School District No. 124; each then had certain funds; on August 4, 1923 the territory comprising those named former common school districts was detached from Community Consolidated School District No. 124 and respectively reorganized as common school districts; the school directors of those reorganized common school districts brought mandamus suits to compel distribution of moneys on hand, to appoint appraisers, etc. The trial court sustained a demurrer to the petition for mandamus and dismissed it, but the Appellate Court reversed and remanded. We there said, p. 633:

". . . From an examination of the books we have concluded that in the absence of legislation or an

104

agreement to the contrary, property of a school district, which by reason of the alteration of its boundaries, falls within the boundaries, or within the jurisdiction of another school district, or a city having a board of education in which school property is vested, becomes the property of the district or city to which it is annexed."

■ The funds of schools follow, upon detachment and annexation of territory, the liabilities and responsibilities attendant upon providing for an educational system, in the absence of legislation to the contrary, where such are readily identifiable, and the detachment and annexation occurs prior to the holding of any school or the incurring of any bonded indebtedness by the district from which the detachment is made,—the detached territory having contributed to the unobligated fund existing at the time of the detachment it is entitled to its benefit. Such funds become the property of the district to which the territory is annexed: Ch. 122, Ill. Rev. Stats., 1953, pars. 4B—1, 4B—4; People v. Trustees of Schools of Tp. No. 4, North, Range No. 4 West of Fourth Principal Meridian, supra; School Directors Dist. No. 89, County of Winnebago and State of Illinois v. School Trustees Tp. No. 26, North, Range No. 10, East of Fourth Principal Meridian, supra.

■ We are aware that Section 4B–13 of the School Code, as amended in 1955, Ch. 122, Ill. Rev. Stats., 1955, par. 4B—13, provides now, inter alia, that "there shall be no accounting made after a mere change in boundaries when no new District is created." That particular provision was added to Sec. 4B–13 in 1955, however, and was not in the law at the time of the happening of the events concerned in the present case. The defendant contends that such is the present public policy of Illinois. Whatever Sec. 4B–13 as so amended in 1955 may mean, and whatever the public

policy of the State in this regard may be at the present time, it was not so expressed and provided by the Legislature at the times pertinent to the case at bar. Since in the instant case there was then no statutory provision contrary to the precedent of People v. Trustees of Schools of Tp. No. 4, North, Range No. 4 West of Fourth Principal Meridian, supra, that case correctly expresses, we believe, the law applicable under the circumstances here involved. The Legislature met in 1953 after that case had been determined. It is presumed to have been familiar with that case. It had an opportunity then to change the law by statute, if it so desired, but it did not then do so. The material public policy of the State in any instance can only be ascertained from the acts, or failures to act, of the Legislature, as interpreted, construed, and applied by the courts, as of the times pertinent to a particular case, not as of some later date.

We do not consider Kocsis v. Chicago Park District (1935), 362 Ill. 24, or People v. Chicago B. and Q. R. Co. (1953), 414 Ill. 419, referred to by the defendants, to be in point here.

The decree below is correct, under the circumstances, and will be affirmed.

Affirmed.

DOVE, P. J. and EOVALDI, J., concur.